634 So.2d 88 (1993)
Albert Shun DANIELS, By Ella R. Glass, Next Friend
v.
WAL-MART STORES, INC. and Terrel Cooper.
No. 90-CA-1208.
Supreme Court of Mississippi.
December 9, 1993.
Rehearing Denied February 10, 1994.
*89 Laurel G. Weir, Weir & Booker, Thomas L. Booker, Jr., Weir & Booker, Philadelphia, for appellant.
Edley H. Jones, III, Upshaw Williams Biggers Page & Kruger, Jackson, for appellee.
Before PRATHER, P.J., and PITTMAN and SMITH, JJ.
PITTMAN, Justice, for the Court:
Albert Shun Daniels, through his next friend, filed a civil suit against Wal-Mart Stores, Inc. (hereinafter Wal-Mart) and Terrell Cooper alleging Cooper, an employee of Wal-Mart, slandered, assaulted and battered Daniels on November 3, 1989. The civil suit arose from an incident in which Daniels was accused of shop-lifting. The case proceeded to trial, with the jury returning a verdict for defendant Wal-Mart. The circuit judge thereafter refused to grant the Daniels' motion for j.n.o.v. or new trial. Feeling aggrieved, Daniels appeals, asserting as error:
I. THE LOWER COURT ERRED IN PERMITTING USE OF AN ADJUDICATION OF DELINQUENCY FOR PLAINTIFF TO BE USED AGAINST HIM IN THE TRIAL OF THIS CAUSE.
II. THE COURT ERRED IN PERMITTING EVIDENCE TO BE INTRODUCED AGAINST APPELLANT BECAUSE OF THE FACT THAT HE HAD BEEN ARRESTED.
III. THE COURT ERRED IN PERMITTING THE INTRODUCTION OF THE ORDER OF THE YOUTH COURT BECAUSE IT REVEALS PUNISHMENT AMONG OTHER REASONS.
IV. THE RULING OF THE COURT AND JUDGMENT OF THE JURY IS CONTRARY TO THE OVERWHELMING *90 WEIGHT OF THE LAW AND EVIDENCE AND NOT SUPPORTED BY ANY LAW OR EVIDENCE.
V. THE COURT ERRED IN GRANTING JURY INSTRUCTION D-11A OVER THE OBJECTION OF APPELLANT.
VI. THE COURT ERRED IN REFUSING EACH AND EVERY INSTRUCTION REFUSED THE APPELLANT AND GRANTING EACH AND EVERY INSTRUCTION GRANTED APPELLEES OVER THE OBJECTION OF APPELLANT.
Having considered the assignments of error, we hereby affirm the lower court's judgment, and make special note that the veil of confidentiality given youth court proceedings can be lifted, thereby allowing evidence from the proceedings to be introduced in a civil trial when the plaintiff youth court offender initiates a suit stemming from the same incident.

I.
On November 3, 1989, Albert Shun Daniels was shopping at Wal-Mart in Louisville, Mississippi. Daniels, who was sixteen at the time of trial in September 1989, was apparently shopping in the tape department of the store. Terrel Cooper was working as a security guard at Wal-Mart that day. Cooper testified he observed Daniels take a tape, go to the back of the store, and stuff it down in his sock. Cooper followed Daniels through the store, and told him "I seen what you done," before Daniels exited the store. Cooper said he was giving Daniels the opportunity to put the tape back or pay for it.
When Daniels exited the store without paying for the tape, Cooper said he followed him outside, identified himself as a security officer and asked Daniels to return inside the store. According to Cooper, no more words were said after that point. After Cooper asked Daniels to step back, Daniels proceeded to push and shove. Cooper grabbed Daniels around the waist and tried to "keep him from hurting me and hurting himself." Cooper then asked the assistant manager, who was standing at the Wal-Mart door, to call the police.
Daniels said he did not steal anything and that Cooper attacked him after searching him and finding nothing. He said Cooper pushed, hit, and kicked him. Daniels said his face was swollen from where Cooper hit him. He said further that people heard Cooper accuse him of stealing the tape, and his reputation was damaged as a result. Daniels denied struggling to get away from Cooper. Although Daniels said a lot of individuals teased him about being a thief, he could not name any individuals.
John Jobe was manager of Wal-Mart at the time of the incident. He said Cooper walked by the desk and, according to Wal-Mart's standard procedure, gave him a signal that he was following a shoplifter. Jobe then went to the entrance door and stepped in front of Daniels. Cooper identified himself as a security guard for Wal-Mart, after which Daniels tried to push out the outside door. Jobe said Cooper never called Daniels a thief. When Daniels began struggling, Jobe stated that Cooper turned around and asked him to call the police. Daniels later admitted being convicted by the Youth Court.
Daniels said when the police came, Cooper told him to get in the car. Cooper said the police took him downtown because both parties were struggling when the police arrived, and they didn't know Cooper was a Wal-Mart security employee. Cooper said the charges were dropped when they got downtown. However, he said a moment later that charges were never made out.
Billy Don Walton, a policeman with the Louisville Police Department, was called to Wal-Mart November 3, 1989, because of a reported shoplifter. Walton said Cooper and Daniels were arrested. According to Walton, disorderly conduct charges were made out against Cooper, but the "judge remanded them to the files." Walton said when he drove up in front of the store, "eight or ten people out in the left door like you're going in the store, and they were holding Mr. Cooper and Mr. Daniels, two or three of them, you know, had them blocked where they couldn't get to each other, and they was talking loud and cussing each other." Walton *91 said he heard Cooper tell Daniels "that he got a tape out of the store."
After the Wal-Mart incident, Daniels was found to be "a delinquent under the Youth Court Act," and was committed to "an appropriate training school." The youth court order does not mention shoplifting or the incident in question at all. However, the decree which released the Youth Court order to the Winston County Circuit Court and the parties in this action made the following findings:
1. Albert Shun Daniels has filed a cause of action against Wal Mart (sic) Stores, Inc. alleging libel and slander for statements by Wal Mart (sic) employees that Daniels was guilty of theft.
2. The identical facts are involved in the Circuit Court of Winston County Action, Civil Action No. 13552, as to those that were before this Youth Court in Youth Court Action No. 556.
3. The identical incident was the basis for this Court's adjudication that Albert Shun Daniels was a juvenile delinquent for the act of shoplifting of merchandise of the defendant.
4. M.C.A. Section 43-21-261(7) allows the victim of the offense, in this case Wal Mart (sic) Stores, Inc., to be informed of the disposition of the Youth Court cause, with no restrictions on the victim's use of said information.
5. It is in the best interest of functioning of the Youth Court that its adjudication of juvenile delinquency be released to the Circuit Court of Winston County and the parties to Civil Action No. 13,552 to allow the defendant the opportunity, subject to the discretion of the Circuit Court of Winston County, to place before the jury the complete facts of the incident, including a determination of this Youth Court.

II.
Daniels' counsel argued that statutes regulating the disclosure of youth court records should have barred those records from being introduced into evidence at the civil trial initiated by Daniels. Actually, the Rules of Evidence govern admission of evidence at civil trials. The statutes govern the release of the records and the restrictions thereon. If Daniels didn't want the records released or has a dispute with the reason for which they were released, he should have contested the decree which released the order to the Circuit Court of Winston County. It is actually the release which he is now contesting, but that action is not procedurally before this Court.
The decree which authorized release of the information noted that Miss. Code Ann. § 43-21-261(7) (Supp. 1992) allows the victim of the offense "to be informed of the disposition of the Youth Court cause, with no restrictions on the victim's use and (sic) said information." The decree further states that "[i]t is in the best interest of functioning of the Youth Court that its adjudication of juvenile delinquency be released to the Circuit Court of Winston County and the parties to Civil Action No. 13,552 to allow the defendant the opportunity, subject to the discretion of the Circuit Court of Winston County, to place before the jury the complete facts of the incident, including a determination of this Youth Court."
Although the release of the order is not properly before this Court for consideration, the release would appear to be entirely proper. Daniels argues Miss. Code Ann. § 43-21-259 (1972) makes all records confidential. But an actual reading of the statute[1] shows that the exceptions of § 43-21-261 override § 43-21-259. Furthermore, section 43-21-261 specifically gives the youth court authority to order release of records to the circuit court:
(1) Except as otherwise provided in this section, records involving children shall not be disclosed, other than to necessary staff of the youth court, except pursuant to an order of the youth court specifying the person or persons to whom the records may be disclosed, the extent of the records *92 which may be disclosed and the purpose of the disclosure. Such court orders for disclosure shall be limited to those instances in which the youth court concludes, in its discretion, that disclosure is required for the best interests of the child, the public safety or the functioning of the youth court and then only to the following persons:
.....
(c) A judge of any other court or members of another court staff;
.....
(2) Any records involving children which are disclosed under an order of the youth court and the contents thereof shall be kept confidential by the person or agency to whom the record is disclosed except as provided in the order. Any further disclosure of any records involving children shall be made only under an order of the youth court as provided in this section.
.....
(7) The victim of an offense committed by a child who is subject of a youth court cause shall have the right to be informed of the child's disposition by the youth court.
Miss. Code Ann. § 43-21-261 (1972) (emphasis added). Given the specific statutory authority provided the youth court judge, he did not violate the statute terms or abuse his discretion in holding the records could be released for the purposes of this present action.
We recognize that truth is a complete defense to a libel or slander cause of action. Blake v. Gannett, 529 So.2d 595 (Miss. 1988). As such, the adjudication of Daniels' delinquency became relevant proof. While the order finding him to be delinquent did not specifically say it arose from the same incident, the decree releasing information clearly pointed out that identical facts were involved. There appears to be no rule of evidence which would prohibit the order from being entered into evidence once it fit the requirements of Rules of Evidence 402 and 403, which it does. Therefore, the trial judge was correct in entering the order into evidence.

III. and IV.
Section 43-21-261(1) of Mississippi Code Annotated (Supp. 1992) allows for the disclosure of youth court records in certain circumstances. Such disclosure must be done pursuant to a youth court order, wherein the youth court judge, in his discretion, can determine both the extent and the purpose for which the records may be disclosed. Confidential youth court records can be sent to other judges as well as court personnel of other courts. Miss. Code Ann. § 43-21-261(1)(c). Victims of offenses committed by juveniles have the right to be informed of any disposition by the youth court. Miss. Code Ann. § 43-21-261(7).
Pursuant to § 43-21-261, the youth court judge issued an Order releasing youth court records to the Winston County Circuit Court. This Order granted the victim (Wal-Mart) access to information pertaining to the youth court's disposition of the incident at issue and also stated that there were no restrictions on the victim's (Wal-Mart's) use of this information. Therefore, the youth court judge's order paved the way for Wal-Mart to introduce evidence from Daniels' youth court proceedings involving the same incident.
In Yarborough v. State, 514 So.2d 1215 (Miss. 1987), we held that the Youth Court Act does not require prior approval of the youth court before records may be used to impeach testimony of a witness in a criminal proceeding. Yarborough involved a father's petitioning the court for post-conviction relief following his conviction for the rape of his daughter. A year later, the daughter recanted her trial testimony. Prosecutors sought to introduce statements made to the youth court that she had been raped by her father. The defendant Yarborough, however, argued that the confidentiality of youth court proceedings prevented the prosecution from introducing the statements made by the daughter in youth court. In allowing these statements into evidence, we stated:
Youth Court confidentiality is for the protection of the youth. We discern no rational reading of the statutory scheme which would give an adult a shield when *93 the object of the proceedings is the truth of charges against him, not the youth.
Id. at 1219. As in Yarborough, it is imperative that the truth be ascertained. To do so mandates that evidence presented in the youth court proceedings be allowed to be introduced at Daniels' slander suit. Since the truth is a total defense to a slander suit, it only seems equitable that Wal-Mart be allowed to use this evidence in its defense.
Daniels asserted that any evidence from his youth court proceedings should not be admitted in the civil action brought by him. We do not agree. Because Daniels asserted that he was slandered, Daniels' character is directly at issue. Generally, character evidence is not admissible in civil cases. However, when a person's character itself is one of the issues in the case, character evidence is not only admissible, but indeed is the best method of proving the issue. Rule 404 of the Mississippi Rules of Civil Procedure deals with character evidence. The comment to Rule 404 states that "[c]haracter is straightforwardly introduced into evidence when it is a direct issue in the case. A defamation case exemplifies when character is a direct issue."
Rule 405 of the Mississippi Rules of Evidence states the methods by which character evidence may be proved. Rule 405(b) states:
In cases in which character or a trait of character of a person is an essential element of a charge, claim, or defense, proof may be made of specific instances of his conduct.
In this case, evidence that Daniels may have stolen something would be admissible to show that he was a thief. The questioning of Daniels about whether he was convicted in a Youth Court Proceeding for stealing was properly allowed. Although the introduction of the decree of the Youth Court may have been improperly admitted into evidence, any objection Daniels may have had was waived by him.
When Wal-Mart's attorney questioned Daniels about the prior Youth Court conviction, Daniels' attorney objected to the questioning. When the objection was overruled, Daniels' attorney further objected on the basis that the best evidence was what the court actually did about the matter. Because of this objection, Wal-Mart moved to have the decree of the Youth Court admitted into evidence. The trial judge stated (in response to Daniels' objection) that he did not see how there could be any better evidence than Daniels' testimony. However, the trial judge allowed the decree to be admitted.
This court will not now reverse, especially in light of the fact that it was at Daniels' attorney's persistence that the document was the best evidence which caused the document to be introduced into evidence.
The right of "confidentiality" on behalf of the child is a "qualified" and not an "absolute" privilege. See Ex Parte State Farm Fire & Cas. Co., 529 So.2d 975, 977 (Ala. 1988). Although we are cognizant of the need to protect juveniles from the public disclosure of youth court records and proceedings, this need must be balanced against the victim's (Wal-Mart's) right to assert its defense, i.e. the truth. Truth is a defense to the tort of slander, thus it is only logical that this evidence be allowed to be presented. The youth court confidentiality statutes were enacted to prevent misguided youths from being stigmatized or receiving public scorn. This protective shield which protects youths should not be used as a sword in civil cases. Daniels' action of initiating this slander suit lifted the veil of confidentiality, thereby exposing himself to the harsh realities of litigation. If Daniels wished for the youth court proceedings to be kept confidential, then his actions should have been in keeping with such confidentiality. Daniels cannot bring the incident to court and expect to present only part of the picture. Justice requires a total view.
In Daniels v. National Fire Insurance Company of Hartford, 394 So.2d 683, 683-84 (La. Ct. App. 1981), cert. denied, 397 So.2d 806 (La. 1981), the Louisiana Court of Appeals faced the issue of whether an insurance company was an "interested party" within the meaning of the statute in order to gain access to youth court records involving a covered claim. In finding that the insurance company was indeed an interested party and thereby granting access to youth court files, *94 the court stated "the shield of confidentiality was not designed and cannot be permitted to fraudulently defeat civil reparation of juvenile wrong." Id. at 977. Although in National Fire it was the victim filing civil suit and in the present case the youth was the one initiating the action, the same basic principle of fairness applies. We will not allow Daniels to use his shield to go on the attack. Nor will we allow the courts to only see part of the whole picture. Although justice is blind so that all who approach it do so on equal footing, justice is not dumb unless made so by courts or judges.

V.
The standard of review for motion for j.n.o.v. is as follows:
The motion for j.n.o.v. tests the legal sufficiency of the evidence supporting the verdict. It asks the Court to hold, as a matter of law, that the verdict may not stand. Where a motion for j.n.o.v. has been made, the trial court must consider all of the evidence  not just evidence which supports the non-movant's case  in the light most favorable to the party opposed to the motion. The non-movant must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point so overwhelmingly in favor of the movant that reasonable men could not have arrived at a contrary verdict, granting the motion is required. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand. (citations omitted)
Stubblefield v. Jesco, Inc., 464 So.2d 47, 54 (Miss. 1984), citing Jesco, Inc. v. Whitehead, 451 So.2d 706 (Miss. 1984).
When we address the facts in this case in the light most favorable to Wal-Mart, we see that reasonable and fairminded jurors could have reached the conclusion that they did. Daniels could not produce one name of a person who heard Cooper call him a thief. The evidence supported the jury's conclusion that Cooper did not attack Daniels. The evidence supports the denial of the j.n.o.v.
Under M.R.C.P. 59, a new trial may be granted by the trial judge. It may be granted in a number of circumstances, such as when the verdict is against the overwhelming weight of the evidence, for faulty jury instructions, or when the jury verdict is a result of bias, passion, and prejudice. Bobby Kitchens v. Miss. Ins. Guar. Ass'n, 560 So.2d 129, 132 (Miss. 1989). This Court will reverse a trial judge's denial of a request for new trial only when such denial amounts to an abuse of that judge's discretion. Bobby Kitchens, 560 So.2d at 132. There are six factors to consider when determining the question of a motion for new trial:
(1) Has the search for the true facts proceeded as far as it reasonable may under the peculiar facts and circumstances of the case? (2) To what extent would it be unfair to the party in whose favor the verdict was returned in effect to give that party's adversary a second bite at the apple? (3) Considering the evidence, is there a substantial basis for belief that the jury disregarded their oaths and failed to follow the instructions of the Court in reaching its verdict? (4) Assuming arguendo that the verdict is unjust (by reference to the underlying facts of the transaction or occurrence, the complete truth of which we will never know), what is the impact of that "injustice" upon the party against whom the verdict is returned? (5) If a new trial is ordered, will the party in whose favor the verdict has been returned be deprived of some fair advantage he enjoyed in the first trial? and (6) Are there any other factors present, peculiar to the particular case of the parties, that would render just or unjust the grant or denial of a new trial?
Bobby Kitchens, 560 So.2d at 132.
In the present case, the weight of the evidence supports the decision in favor of Wal-Mart. Additionally, we are not presented with any other asserted error which would *95 have merited granting the motion for new trial.
Thus, this assignment has no merit.

VI.
Jury Instruction D-11A, which was given, reads:
The Court instructs the jury that if you find that Albert Shun Daniels took the tape from the premises of Walmart (sic) Stores and did not have the consent of Wal Mart (sic) Stores to remove the tape from its premises and that he did not have any claim of right to remove the tape from its premises, then Terrel Cooper and Wal Mart (sic) Stores were privileged to use reasonable force against Albert Shun Daniels to recapture the tape and Terrel Cooper and Wal Mart (sic) are not liable for injuries to Albert Shun Daniels unless you find that the force used by Terrel Cooper was excessive to that necessary under the circumstances to recapture the tape or that the force used by Terrel Cooper was intended to cause death or serious bodily harm.
Daniels complains this instruction failed to instruct the jury that it must make its finding based on the evidence. However, this Court has held that "[a] trial court is not required to give instructions which are covered by other instructions although the language may differ." Davis v. State, 431 So.2d 468, 474 (Miss. 1983) (citing Sadler v. State, 407 So.2d 95 (Miss. 1981)); Doby v. State, 532 So.2d 584, 592 (Miss. 1988). Additionally, since all instructions "are to be read together and if the jury is fully and fairly instructed by other instructions the refusal of any similar instruction does not constitute [reversible] error." Laney v. State, 486 So.2d 1242, 1246 (Miss. 1986). Refusing repetitious instructions is not reversible error. Bunkley v. State, 495 So.2d 1, 4 (Miss. 1986).
Of the fourteen instructions given to the jury, eight contained the phrase "preponderance of the evidence." Instruction D-6 specifically addressed the issue of "preponderance of the evidence." Furthermore, Instruction D-12 instructed the jury:
The court instructs the jury that should you find from a preponderance of the evidence that Albert Shun Daniels wrongfully took as his own a tape belonging to Wal Mart (sic) Stores, Inc., but further find that Terrel Cooper used excessive force to recapture the tape, then you may compensate Albert Shun Daniels only to the extent that the force used by Terrel Cooper was excessive beyond that force you find to be reasonable under the circumstances.
When the instructions are read as a whole, it is clear the jury was adequately instructed that it must make its finding based on a preponderance of the evidence. As such, this one instruction does not constitute reversible error.

VII.
The remaining assignments of error deal with jury instructions. The arguments advanced do not cite any supporting authority and therefore this Court is not required to consider them. Clark v. State, 503 So.2d 277, 280 (Miss. 1987); Hunter v. State, 489 So.2d 1086, 1090 (Miss. 1986); Kelly v. State, 463 So.2d 1070, 1072 (Miss. 1985). However, we have reviewed the instructions and find that the jury was adequately instructed.
The judgment of the lower court is hereby affirmed.
AFFIRMED.
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and JAMES L. ROBERTS, Jr. and SMITH, JJ., concur.
BANKS, J., dissents with separate written opinion joined by SULLIVAN, J.
McRAE, J., dissents with separate written opinion joined by SULLIVAN and BANKS, JJ., in part.
BANKS, Justice, dissenting:
I agree with what Justice McRae has written concerning the use of the juvenile court record for impeachment purposes in this case. The problem is that the majority sanctions the use of this record, not for impeachment, but rather as substantive evidence of the "truth" of the allegation of theft. Thus all that Justice McRae says about Miss. R.Evid. 609 or what could be said about *96 Miss.R.Evid. 608 is of little import. Still, I cannot agree with the majority resolution of this issue, and I write to note that disagreement.
What must be recognized is that the adjudication of another tribunal of factual issues is rarely admissible as evidence in collateral proceedings. Gholson v. Smith, 210 Miss. 28, 48 So.2d 603 (1950). Such adjudications either have legal effect, such as collateral estoppel for example, or no effect as an evidentiary matter, they are hearsay.
This is made clear when we refer to Miss. R.Evid. 803(22) wherein what is noted as a "significant departure from traditional Mississippi Practice," we provide that evidence of a final judgment in a felony conviction is admissible to prove any fact necessary to that conviction. Miss.R.Evid. 803(22) and Comment, Miss.R.Evid. 803(22). Notably, this provision does not include misdemeanors nor juvenile adjudications. This provision and others under our Rule recognize a prior judgment for what it is, hearsay. See Miss. R.Evid. 801; See also, Miss.R.Evid. 803(23) (Providing an exception for judgments offered as evidence of personal, family or general history, or boundaries.)
The majority relies on the proposition that a prior conviction may be shown as evidence of character in a prosecution for slander. While it is true that generally prior convictions are admissible to show character, and that character is always at issue in a slander suit, no case found by this writer approves the admission of a judgment of conviction, let alone a juvenile adjudication, arising out of the very accusation asserted as slanderous. One can readily see that one accused of being a thief, low-life or whatever, loses little if there is a public record of a conviction for thievery already extant at the time of the accusation.
Where there is no such record, however, either sullying reputation in fact or providing a basis for the accusation or both, a subsequent adjudication has no probative force. This is especially so where, as here, the adjudication is confidential and not subject to public inspection. The fact is that the adjudication here in question is evidence only that another fact-finder, based on evidence there presented, reached a conclusion other than that urged by the plaintiff to the jury.
With the limited exception noted above, we have never allowed such evidence. Such evidence is not a part of the "whole picture" (Majority opinion, ante p. 94), but someone else's view of the picture as displayed to him.
There is another problem. Daniels never objected to this evidence as hearsay or on relevance grounds. Nor did he raise Miss. R.Evid. 403 which, given its non-existent probative value, would preclude this evidence in my view, even if it is deemed admissible. What Daniels did was object on the best evidence rule and then, when faced with the document itself, object on the basis of the confidentiality of juvenile records.
If there is any ground on which to affirm the decision below as to this issue, it is on the ground that Daniels failed to articulate a proper objection. Nevertheless, because this evidence is so far beyond the pale of what has traditionally been viewed as competent evidence, I would reach the issue and reverse.
SULLIVAN, J., joins this opinion.
McRAE, Justice, dissenting:
Because the Youth Court Release Decree was used neither to impeach Daniels' testimony nor to collaterally estop his claim of slander against Wal-Mart and Cooper, it should not have been admitted as evidence to the jury. At best, the decree should have been marked only for identification. Any remotely probative value it might have had was greatly outweighed by the prejudice of leaving Daniels without an opportunity to "confront" the Decree. Accordingly, I dissent.
Daniels brought a civil action against Wal-Mart and its employee, Cooper, on grounds of assault and battery, excessive force and slander. The suit stemmed from a November 3, 1989 incident where he was accused of shoplifting at a Wal-Mart store by Cooper in front of a group of eight to ten people. A struggle ensued. As a result of the incident, Daniels was found delinquent under the Youth Court Act. Whether he was adjudicated *97 delinquent because he got into a fight, cursed, or took the tape, one does not know. However, he was not convicted of shoplifting.
Daniels admitted that he had been adjudicated a delinquent as a result of this incident. The trial court also admitted the decree releasing his records which improperly stated:
The identical incident was the basis for this Court's adjudication that Albert Shun Daniels was a juvenile delinquent for the act of shoplifting of merchandise from the defendant.
There was no need to place the release order before the jury. Waving a flag before the triers of fact that another judge proclaimed him "guilty" without the opportunity for confrontation was highly prejudicial to Daniels' case and without any apparent probative value.
Youth court proceedings differ greatly from those in circuit court. Proceedings in youth court are civil rather than criminal and thus operate under different rules. For example, there is no right to a jury trial. A child may be excluded from any portion of the hearing when the court finds that it is in his best interests. Most significantly, all records of matters involving children are to be kept confidential except under very limited circumstances.
The majority states that the Rules of Evidence control but totally ignores those rules. It further states: "Actually, the Rules of Evidence govern admission of evidence at civil trials. The statutes govern the release of the records and the restrictions thereon." However, the opinion never mentions Rule 609 because that rule clearly does not allow the majority to do what it has done.
The majority contends that no rule of evidence prohibited the decree from being admitted once it met the requirements of Rules 402 and 403. In limited circumstances, youth court records may be released. M.R.E. 609(d), however, generally prohibits the introduction of juvenile adjudications as evidence. Only in a criminal case may such evidence be introduced to impeach the testimony of a witness other than the accused. Rule 609(d) states as follows:

Evidence of juvenile adjudications is generally not admissible under this rule. The court may, however, in a criminal case allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence.
The Official Comment to Rule 609(d) explains:
Subsection (d) prohibits impeachment based on juvenile adjudications. Reasons for this rule include the wish to free an adult from bearing the burden of a youthful mistake, the informality of the youth court proceedings, and the confidential nature of those proceedings. See FRE 609, Advisory Committee's Notes.
In pre-rule Mississippi practice, the use of juvenile adjudications for impeachment purposes has been governed by M.C.A. § 43-21-561 which provides that no adjudication against a child shall be deemed a criminal conviction. Indeed, the juvenile offender is permitted by statute to deny the fact of the prior adjudication. However, the statute permits cross-examination by either the state or the defendant in a criminal action or the respondent in a juvenile adjudication proceeding regarding prior juvenile offenses for the limited purpose of showing bias and interest. In short, the evidence could be used in these limited circumstances but not to attack the general credibility of the witness.

Under Rule 609(d) the court has the discretion to allow impeachment of a witness, other than a criminal defendant, by a prior juvenile adjudication if the judge determines that it is necessary. The court's discretion extends only to witnesses other than the accused in a criminal case.

M.R.E. 609(d) and Official Comment (emphasis added). See also Bass v. State, 597 So.2d 182 (Miss. 1992) (defendants properly precluded from cross-examining a juvenile witness regarding his juvenile record since they *98 were not attempting to show bias or interest).
The majority's reliance on Yarborough v. State, 514 So.2d 1215 (Miss. 1987), is misplaced. As distinguished from the case sub judice, Yarborough is a criminal case. The prosecution sought to introduce testimony from a youth court proceeding where a child stated that she had been raped by her father. She later recanted her testimony. The child was a witness, not the accused or even a party in the case. Her earlier testimony was necessary for impeachment purposes and vital to the search for truth. In contrast, the Release Decree, itself, adds nothing to the body of evidence in the case sub judice. These factors notwithstanding, the majority has failed to demonstrate that the trial judge acted within his discretion in admitting the release order under M.R.E. 609(d). Moreover, the prejudicial value of the release decree so far outweighs its probative value as to render it inadmissible. M.R.E. 403.
The majority states the release decree must be admitted to establish credibility and to seek the truth because the witness's credibility at issue. However, Rule 609(d) does not allow its admission in a civil case and does not allow its use for impeachment even when the witness's credibility is under attack. See Comment to Rule 609(b).
The Release Decree, itself, is not even relevant to the issues raised by Daniels in his proceedings against Wal-Mart and Cooper and thus was inadmissible also under Rules 401 and 403. Pursuant to Miss. Code Ann. § 43-21-561(4), the Release Decree provides no information concerning the circumstances under which Daniels' adjudication was made. However, it provided evidence damaging to Daniels' case, where the Youth Court Judge's finding was:
"[t]he identical incident [as that involved in the Circuit Court of Winston County action] was the basis for this Court's adjudication that Albert Shun Daniels was a juvenile delinquent for the act of shoplifting of merchandise of the defendant."
Making such a finding within the release order or decree is contrary to § 43-21-561(4), which provides that:
No decree or order of adjudication concerning any child shall recite any of the facts or circumstances upon which the adjudication is based, nor shall it recite that a child had been found guilty; but it shall recite only that a child is found to be a delinquent child... .
By stating that the facts involved in the juvenile adjudication were the basis for Daniels' suit against Wal-Mart, and further, that he had been adjudicated a juvenile delinquent for shoplifting, the Release Decree expressly violates § 43-21-561(4) by "recit[ing] ... facts or circumstances upon which the adjudication [was] based."
In determining that the Youth Court Release Decree was properly admitted into evidence, the majority suggests that "justice requires a total view." While it is imperative that the jury has an opportunity to see the whole picture, the majority, too, must keep its eyes wide open. What is the purpose of admitting the Release Decree or even the adjudication of delinquency when Daniels had already testified that he had been adjudicated a delinquent? It obviously was not used to impeach Daniels' testimony.
Allowing the admission of a Youth Court Release Decree under the facts of case sub judice is tantamount to opening Pandora's box. It opens the door to allowing into evidence, for example, any Justice Court "convictions," even those moving vehicle violations where an individual, rather than going to the inconvenience of "defending" his case, merely mails a check to pay his fine. The majority further observes that "[a]lthough justice is blind so that all who approach it do so on equal footing, justice is not dumb unless made so by courts or judges." In this case, the majority appears to have spoken too quickly by making so broad a ruling. Accordingly, I dissent.
SULLIVAN, J., joins this opinion and BANKS, J., joins in part.
NOTES
[1] "All other records involving children and the contents thereof shall be kept confidential and shall not be disclosed except as provided in section 43-21-261." Miss. Code Ann. § 43-21-259 (1972).