¶ 39. I would affirm the decision of the trial court to enter judgment according to the jury's verdict in favor of Dr. Puckett, and I respectfully dissent from the majority decision to reverse and remand the case for a new trial. Exclusion of the causation testimony given by Dr. Bragman in this case was harmless error.
¶ 40. The trial court excluded a portion of Dr. Bragman's deposition in which he stated that it was his opinion within a reasonable degree of chiropractic certainty that the spinal manipulation caused or substantially contributed to the disc injury. This was not the only expert testimony offered on the subject of causation, nor was it arguably the best testimony on the issue. McCaffrey also introduced into evidence the expert testimony of Dr. Lowry, the neurosurgeon who operated on McCaffrey. Dr. Lowry's testimony included McCaffrey's medical history, an explanation of the actual injury suffered, and how it was treated. (Dr. Bragman never personally examined McCaffrey, but relied on the records of Drs. Puckett and Lowry in forming his opinion.) Dr. Lowry concluded that it was his opinion that it was likely that the spinal manipulation caused or exacerbated the disc herniation. Since McCaffrey was able to introduce the expert opinion of Dr. Lowry, the exclusion of Dr. Bragman's opinion is harmless error. Given the fact that identical expert testimony from a more reliable and credible source did not convince the jury that Dr. Puckett was negligent, it is extremely unlikely that a jury would have concluded differently based upon Dr. Bragman's testimony. Since McCaffrey cannot show any actual prejudice, he is not entitled to a new trial on this error. Terrain Enters., Inc. v. Mockbee, 654 So.2d 1122, 1131 (Miss. 1995).
¶ 41. I also disagree with the majority's finding that this matter should be reversed and remanded for a new trial based on the erroneous admission of Dr. Norville's testimony concerning Dr. Puckett's disciplinary record. Even though character evidence is not admissible unless character is at issue, Daniels ex rel. Glass v. Wal-Mart Stores,Inc., 634 So.2d 88, 93 (Miss. 1993), admission of improper character evidence does not constitute reversible error in this case. "[F]or a case to be reversed on the admission or exclusion of evidence, it must *Page 208 
result in prejudice and harm or adversely affect a substantial right of a party." Terrain Enters., Inc. v. Mockbee, 654 So.2d at 1131. There is absolutely no support in the record or the briefs that a party's substantial rights have been prejudiced in any way.
¶ 42. I, therefore, respectfully dissent.
SMITH, MILLS AND COBB, JJ., JOIN THIS OPINION.