KING, Justice,
concurring in part and dissenting in part:
¶ 40. I agree with the majority’s holding that the gag order entered by the Jackson County Youth Court was improper and that portion of the decision should be reversed and rendered. However, I disagree with the portion of the majority opinion which holds that the Jackson County Youth Court did not abuse its discretion in ordering that the youth-court record remain confidential.
¶ 41. The youth court is a special court tasked with the responsibility of protecting and nurturing those minors who come within its jurisdiction. See Miss.Code Ann. § 43-21-103 (Rev.2009). Included within that nurturing and protection is maintaining the confidentially of youth-court records to prevent injury which might accrue to the minor from public dissemination of potentially damaging information. As such, it is presumed that the best interest of the minor is served by *347 maintaining confidentially of the record. However, it must be noted that the presumption is not absolute. Daniels by Glass v. Wal-Mart Stores, Inc., 634 So.2d 88, 93 (Miss.1993) (finding “[t]he right of ‘confidentiality' on behalf of the child is a ‘qualified’ and not an ‘absolute’ privilege”).
¶42. The majority attempts to distinguish Daniels from the present case. In Daniels, a minor was accused of shoplifting and was apprehended by the store’s security guard. Daniels, 634 So.2d at 90. Based on this incident, the youth court adjudicated the minor as a delinquent. Id. at 91. Initially, the record was marked as confidential. The minor later sued Wal-mart, alleging that its security guards had slandered, assaulted, and battered him. Id. at 89. In light of this lawsuit, the youth court released the minor’s delinquency order to the circuit court, which Walmart was able to introduce in its defense. Id. at 91. The minor challenged the youth court’s actions. Id. On appeal, the Court held that disclosure of the youth-court record was proper under the exceptions in Mississippi Code Section 43-21-261. The statute provides, in part, that: “Such court orders for disclosure shall be limited to those instances in which the youth court concludes, in its discretion, that disclosure is required for the best interests of the child, the public safety or the functioning of the youth court....” Miss.Code. Ann. § 43-21-261 (Rev.2009). The Court further stated that:
The veil of confidentiality given youth court proceedings can be lifted, thereby allowing evidence from the proceedings to be introduced in a civil trial when the plaintiff youth court offender initiates a suit stemming from the same incident.
Daniels, 634 So.2d at 90.
¶ 43. Here, Cruz has filed a civil action in federal court, alleging that she and Baby Doe have had their civil rights purposefully violated by persons acting under the authority of the State of Mississippi, and that evidence of these violations is contained in the Jackson County Youth Court records. The same principle announced in Daniels applies to Cruz’s case. By filing a lawsuit for slander arising from the Walmart incident, the minor in Daniels called his character into question, necessitating the court to lift the confidentiality of his youth-court record. The majority states that:
The youth-court order in Daniels specifically authorized the release of the delinquency adjudication to the circuit court to allow Walmart to present a complete picture of the incident to the jury, subject to the court’s discretion. The disclosure in Daniels, therefore, was limited for the purposes of the related civil litigation.
Maj. Op. at 20 (citations omitted).
¶ 44. In the present case, Cruz, on behalf of Baby Doe, has accused several state actors of misconduct regarding their investigation and handling of Baby Doe’s youth-court case. Like Daniels, a lift on confidentiality in the youth-court case is necessary for Cruz and Baby Doe to pursue their federal-court action, expose any wrongdoing, and present a complete picture of the incident in federal court. I do not suggest that confidentiality is waived any time a party files a civil suit; it should be a case-by-case analysis. Where the best interest of the minor is served by allowing dissemination of the information in the youth-court record, I would find that the failure to do so is an abuse of discretion.
¶45. No information has been identified in the youth-court record which would be potentially injurious to the minor child. The charges against Cruz regarding abuse and neglect have been dropped. The only issue remaining is whether Cruz and Baby *348 Doe are victims of government misconduct. Thus, disclosure could be injurious to DHS, the hospital, and other persons accused of misconduct (and there are several). Confidentially of youth-court records is intended to protect the interest of the minor child involved. Confidentiality of youth-court records is not intended to shield state actors from civil actions which allege violations of a youth-court party’s civil rights.
¶ 46. Because it appears that the sole reason for maintaining the confidentiality of the Jackson County Youth Court record is to make unavailable evidence calling into question action taken against Cruz and Baby Doe, I would hold that the youth court abused its discretion by maintaining the confidentiality of the record.
DICKINSON, P.J., KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION.