# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2017-CA-00915-SCT

*IN THE INTEREST OF M.D.G., A MINOR, G.J., A MINOR, N.B., A MINOR: PASS CHRISTIAN SCHOOL DISTRICT*

*v.*

*HARRISON COUNTY YOUTH COURT OF MISSISSIPPI, ROY CUEVAS AND KIMBERLY CUEVAS, INDIVIDUALLY AND AS NEXT FRIENDS AND GUARDIANS TO E.C., A MINOR*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/2017 |
| TRIAL JUDGE: | HON. MARGARET ALFONSO |
| TRIAL COURT ATTORNEYS: | SCOTT WATSON WEATHERLY, JR. |
| | EDWARD C. TAYLOR |
| | TERRENCE J. LESTELLE |
| | KATIE RYAN VAN CAMP |
| | RICHARD M. MORGAIN |
| | TRACE D. McRANEY |
| | ANDREW WILLIAM HORSTMYER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY YOUTH COURT |
| ATTORNEYS FOR APPELLANT: | EDWARD C. TAYLOR |
| | KATIE RYAN VAN CAMP |
| ATTORNEYS FOR APPELLEES: | SCOTT WATSON WEATHERLY, JR. |
| | TERRENCE J. LESTELLE |
| NATURE OF THE CASE: | CIVIL - JUVENILE JUSTICE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND REMANDED IN PART - 07/25/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**ISHEE, JUSTICE, FOR THE COURT:**

¶1.    E.C.[1] alleged she was sexually assaulted on the premises of Pass Christian High School.   The Harrison County Youth Court adjudicated the alleged perpetrators not delinquent.   Later, Roy and Kimberly Cuevas, individually, and on behalf of their minor daughter, E.C., filed a negligence action in the Harrison County Circuit Court, seeking damages from the Pass Christian School District associated with the alleged assault.

¶2.    Pass Christian unsuccessfully sought the records from the youth-court action to use in its defense in the civil case.   It argues on appeal that the youth-court judge abused her discretion in denying its requests for disclosure of the youth-court records and trial transcripts relating to the three minor perpetrators.   It also argues it would be denied due process and fairness if the sworn testimony of E.C. were not released due to the confidentiality rules protecting the subjects of youth-court actions.

¶3.    We reverse and remand for the circuit court to conduct an in camera review of the youth-court record to determine whether any of it should be disclosed.

**FACTS**

¶4.    E.C. alleged she was sexually assaulted on the campus of Pass Christian High School. She said attended a practice for an end-of-the-year program on April 20, 2015, in the gymnasium. After the practice concluded, the supervising teacher left the premises, leaving E.C. unsupervised. E.C. claims that, after the teacher left, M.G. sexually assaulted her while G.J. and N.B. aided.   Five days later, police asked the principal of Pass Christian High School if the school had surveillance footage. Pass Christian did not possess any surveillance

---

[1] Initials are used to protect the confidentiality of the minors.

2

footage that could confirm or deny the alleged assault, because the footage was taped over every seventy-two hours.

¶5.     A trial was conducted in the youth court, and the three alleged offenders were adjudicated not delinquent. Plaintiffs then filed suit against Pass Christian in circuit court for negligence.

¶6.     Pass Christian first attempted to obtain the three youth-court files by issuing a subpoena duces tecum from the circuit court on October 20, 2016. In response, the youth court filed a motion for a protective order on October 31, 2016. A hearing was held before the circuit court on November 30, 2016. The circuit court granted the youth court a protective order, ruling that the disclosure of the record and transcript was within the discretion of the youth court.

¶7.     Pass Christian then tried to gain access to the youth-court records by filing three separate petitions for the records in the youth court. The Plaintiffs filed a response objecting to the release of the youth-court records on April 4, 2017. A hearing was held before the youth court, and on May 24, 2017, the youth court entered an order denying Pass Christian's request for the records

¶8.     On June 23, 2017, Pass Christian filed two notices of appeal, one to the circuit court and one to this Court, along with a statement of the issues and designation of the record. Pass Christian sought disclosure of the youth-court records and trial transcript. The appeal to the circuit court was voluntarily dismissed on July 11, 2017. On August 29, 2017, the

3

youth court entered an order excluding the youth-court record and transcript from the appellate record.

¶9. On September 12, 2017, Pass Christian again sought access to the youth-court record and trial transcript by filing a "Certificate of Examination and Proposed Corrections to the Record on Appeal" in the youth court. Plaintiffs filed their "Certificate of Examination and Opposition to Proposed Corrections of Appellant" in the youth court on September 25, 2017. The attorney for M.G. filed a response opposing Pass Christian's Certificate of Examination and Proposed Corrections to the Record on Appeal on September 27, 2017. Pass Christian then filed a motion to correct the record on appeal in the youth court on October 10, 2017. The Plaintiffs filed a response opposing the motion on October 23, 2017. The youth court entered an order on March 19, 2018, that denied access to the youth-court records and trial transcript.

¶10. Once again, Pass Christian tried to gain access to the youth-court records and trial transcript by filing a motion to correct the record on appeal in this Court on April 4, 2018. Plaintiffs and the youth court filed responses opposing the motion on April 17, 2018. This Court entered an order denying Pass Christian's motion on August 2, 2018.

## ISSUES

¶11. Pass Christian presents two issues on appeal: (1) whether denying the petitions for youth-court records was an abuse of discretion and (2) whether keeping the youth-court records and trial transcript confidential would deny it due process and fairness. These issues overlap and will be discussed together.

## DISCUSSION

¶12. Disclosure of youth-court records is subject to the discretion of the youth-court judge.

Miss. Code. Ann. § 43-21-261(1); *see also* **State v. U.G.**, 726 So. 2d 151, 154 (Miss. 1998).

Section 43-21-261 of the Mississippi Code governs disclosure of youth-court records and

states that

> records involving children shall not be disclosed, other than to necessary staff
> of the youth court or a Court-Appointed Special Advocate (CASA) volunteer
> that may be assigned in an abuse and neglect case, except pursuant to an order
> of the youth court specifying the person or persons to whom the records may
> be disclosed, the extent of the records which may be disclosed and the purpose
> of the disclosure. Such court orders for disclosure shall be limited to those
> instances in which the youth court concludes, in its discretion, that disclosure
> is required for the best interests of the child, the public safety or the function
> of the youth court.

Miss. Code Ann. § 43-21-261(1) (Supp. 2018). If disclosure is deemed proper, the records

are to go only to:

> (a) The judge of another youth court or member of another youth court staff;
>
> (b) The court of the parties in a child custody or adoption cause in another
> court;
>
> (c) A judge of any other court or members of another court staff;
>
> (d) Representatives of a public or private agency providing supervision or
> having custody of the child under order of the youth court;
>
> (e) Any person engaged in a bona fide research purpose, provided that no
> information identifying the subject of the records shall be made available to
> the researcher unless it is absolutely essential to the research purpose and the
> judge gives prior written approval, and the child, through his or her
> representative, gives permission to release the information;
>
> (f) The Mississippi Department of Employment Security, or its duly authorized
> representatives, for the purpose of a child's enrollment into the Job Corps

5

Training Program as authorized by Title IV of the Comprehensive Employment Training Act of 1973 (29 USCS Section 923 et seq.). However, no records, reports, investigations or information derived therefrom pertaining to child abuse or neglect shall be disclosed;

(g) To any person pursuant to a finding by a judge of the youth court of compelling circumstances affecting the health, safety or well-being of a child and that such disclosure is in the best interests of the child or an adult who was formerly the subject of a youth court delinquency proceeding.

*Id.* Pass Christian does not fit into any of those specified categories.

¶13.    In *In re J.E. v. State*, 726 So. 2d 547, 549 (Miss. 1998), a criminal defendant sought disclosure of the youth-court records of a minor who had accused him of sexual battery in order to prepare his defense. We found that, in the interest of confidentiality, the defendant had no right to full disclosure or inspection of the records. *Id.* at 553. For the same reasons, disclosure of the youth-court record and trial transcripts directly to Pass Christian is inappropriate.

¶14.    But Pass Christian also requested that the youth-court record and trial transcript be disclosed to the circuit court for an in camera review to determine relevance and admissibility. In *In re J.E.*, this Court went on to hold that although the defendant did not have the right to full disclosure or inspection of the records, he did have the right to have the records disclosed to the circuit court for an in camera review to determine if any information material to the pending case was in the records. *In re J.E.*, 726 So. 2d at 552-53. That is what should be done here.

6

¶15. Pass Christian is seeking the youth-court record and the transcript of witness testimony because it believes that conflicting testimony may be in the record and transcript that could aid in its defense. Concerning conflicting testimony, this Court has held,

> The credibility of [the alleged victim's] recanting testimony is the tightrope upon which [the defendant's] conviction stands or falls. The reasoning and authorities establish that the youth court would abuse its discretion if it did not authorize disclosure here.

*Yarborough v. State*, 514 So. 2d 1215, 1219 (Miss. 1987). In analyzing the holding in *Yarborough*, this Court has said, "The implication of this statement is that this Court, at the very least, contemplated the notion that a youth court ought to disclose youth court records when such can provide the basis for the impeachment of a witness . . . ." *J.E.*, 726 So. 2d at 551.

¶16. This Court recognizes the statutory authority granted to the youth court to use its discretion in deciding matters of disclosure. Confidentiality of youth-court proceedings is crucial, but "[t]he right of 'confidentiality' on behalf of the child is a 'qualified' and not an 'absolute' privilege." *Daniels by Glass v. Wal-Mart Stores, Inc.*, 634 So. 2d 88, 93 (Miss. 1993) (citing *Ex Parte State Farm Fire & Cas. Co.*, 529 So. 2d 975, 977 (Ala. 1988)). The youth court should cooperate with the circuit court in order to achieve judicial economy and efficiency all the while maintaining confidentiality, which are tenets of all of our courts.

¶17. As in *J.E.*, two very important interests intersect in this case: the Plaintiffs' interest in the confidentiality of youth-court records and Pass Christian's interest in receiving a fair trial. "[T]he right to impeach or attack a witness' credibility is secured both by the Mississippi Rules of Evidence and the confrontation clauses of the state and federal

7

constitutions." *J.E.*, 726 So. 2d at 550 (quoting ***Brown v. State***, 690 So. 2d 276, 292 (Miss. 1996)).  As the ***Daniels*** Court held, the search for truth requires a total view of the evidence. ***Daniels***, 634 So. 2d at 93.  Allowing disclosure of information deemed relevant to Pass Christian's defense through an in camera review balances these two interests.  "[T]he State's interest in the confidentiality of such records is protected, our statutory scheme is satisfied, our youth courts function within constitutional parameters, and our rules of discovery are honored, while allowing [Pass Christian] limited access to information which might prove vital to [its] defense." *J.E.*, 726 So. 2d at 553.

¶18.    The names and addresses of the witnesses who testified in the related youth-court proceedings should be disclosed to Pass Christian.  If Pass Christian believes there is conflicting testimony, it may ask the circuit court to perform an in camera review.  Then, if the circuit court determines there is information relevant to Pass Christian's defense, the relevant information should be disclosed to Pass Christian.

¶19.    Finally, all information disclosed shall be "limited for the purposes of the related civil litigation." ***In re R.J.M.B. v. Jackson Cty. Dep't of Human Servs.***,133 So. 3d 335, 341 (Miss. 2013) (citing ***Daniels***, 634 So. 2d at 91).

**CONCLUSION**

¶20.    In summary, the names and addresses of all witnesses who testified in the youth-court proceeding should be made available to Pass Christian. Pass Christian can then depose those persons.  If Pass Christian believes any of the deponents testified contrary to their testimony in the youth-court proceedings, it may ask the circuit judge to do an in camera review of the

deponent's earlier testimony. If the circuit judge finds contrary testimony, Pass Christian may obtain the conflicting testimony to use in its defense. All information disclosed shall be used only for purposes of the pending civil litigation.

¶21. **AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

**RANDOLPH, C.J., MAXWELL, BEAM AND GRIFFIS, JJ., CONCUR. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J.; COLEMAN AND CHAMBERLIN, JJ., JOIN IN PART. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHAMBERLIN, J.**

**KING, PRESIDING JUSTICE, DISSENTING:**

¶22. This Court engages in discovery for the Pass Christian School District, inappropriately awarding it a remedy that Pass Christian does not request. Further, the Court preemptively, and without setting a legal standard, orders the youth court to disclose its records to the circuit court to potentially perform an *in camera* review of the youth-court records. Therefore, I respectfully dissent.

¶23. The Court orders that "[t]he names and addresses of the witnesses who testified in the related youth-court proceedings should be disclosed to Pass Christian." Maj. Op. ¶ 18. Pass Christian did not ask for the names and addresses of the testifying youth-court witnesses, either from the youth court or this Court, nor has any party been availed the opportunity to respond to this. *See **Pitchford v. State***, 45 So. 3d 216, 232 (Miss. 2010) ("The trial court cannot be held to err on an issue not presented to it for decision. . . . A trial court has no duty to *sua sponte* second-guess decisions by . . . counsel." (footnote omitted) (citation omitted)); ***Sanders v. State***, 678 So. 2d 663, 669-70 (Miss. 1996) (Issues not raised in the appellant's

9

initial brief are waived. The appellees should not be denied an opportunity to respond to arguments.). This Court has inappropriately created this remedy without a request to do so. Pass Christian has presented no argument that this information is essential to its case, nor any argument that it does not already know the identities of these witnesses. Indeed, it is highly likely that Pass Christian could simply glean this information through discovery requests and/or depositions, because Pass Christian clearly knows the identities of the four minors directly involved in the alleged incident. I believe it is inappropriate for this Court to proactively engage in discovery on behalf of Pass Christian and to order the youth court to give Pass Christian information that Pass Christian did not request and that it could likely obtain through other means.

¶24. The Court also preemptively orders the youth court to disclose the records to the circuit court for a potential *in camera* review. The Court does not outline any standard for when youth-court records should be disclosed in such a case as this: a civil case in which none of the parties share privity of party with the youth who was the subject of the youth-court case.[2] In such a case, this Court must balance the importance of youth-court

---

[2]The cases relied on by this Court are distinguishable. *Daniels v. Wal-Mart Stores, Inc.* involves privity of party—the very youth-adjudicated delinquent sued Wal-Mart, his victim, for defamation surrounding the same issue for which he was adjudicated delinquent. *Daniels v. Wal-Mart Stores, Inc.*, 634 So. 2d 88 (Miss. 1993). The holding in *Daniels* is very limited, as well, finding that the court did not err in admitting the youth-court adjudication because the youth subject to the youth-court adjudication placed his character directly at issue in the civil litigation. It also noted that Wal-Mart, as the victim, was already entitled to information about the adjudication, without restriction as to the use of that information. *See In re R.J.M.B. v. Jackson Cty. Dep't of Human Servs.*, 133 So. 3d 335, 341 (Miss. 2013) ("We hold that *Daniels* does not support the proposition that record confidentiality is waived completely whenever a related civil suit is filed. '*Daniels* stands only for the narrow proposition that a juvenile adjudication is admissible on the issue of

10

confidentiality and the strict rules of Mississippi Code Section 43-21-261(1) (Supp. 2018) with a civil defendant's procedural due-process right to present a defense. This Court should set a standard for such a balance. I suggest that this Court follow a balance similar to that found in Mississippi Rule of Civil Procedure 26(b)(3), which details when documents and things prepared in anticipation of litigation are discoverable. Those items are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of that party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." M.R.C.P. 26(b)(3). In civil litigation, a party seeking to have the civil court review youth-court records *in camera* for relevance should first show that the party has a substantial need of the review in order to preserve its procedural due-process right to present a defense. It should then show that it cannot obtain these materials or information by other means without substantial hardship.

¶25. At this juncture, Pass Christian has shown neither need nor that it cannot otherwise obtain this information. According to the record before this Court, Pass Christian has not yet deposed the four minors directly involved. It merely asks that the records be disclosed to the circuit court due to the *potential* that E.C. *may* give inconsistent statements in the *future*. Such speculation does not demonstrate need. Pass Christian should be required to show need through deposition testimony or other discovery, namely, to show that it was highly likely

---

character where that trait is at issue, such as, for example, in a slander suit.'" (quoting **Sample v. State**, 643 So. 2d 524, 528 n.1 (Miss. 1994))). **In re J.E. v. State** is grounded in the right of *criminal* defendants to receive from the State evidence favorable to the defense and/or evidence material as to guilt or punishment. **In re J.E. v. State**, 726 So. 2d 547 (Miss. 1998).

that inconsistent statements were made.[3]  Moreover, without depositions or other documentation, it is difficult or impossible for Pass Christian to show that it cannot obtain this information elsewhere.  For example, in a deposition, E.C. may admit to any suspected inconsistencies.  It would be difficult for Pass Christian then to argue that it also needed the confidential youth-court records to further bolster such an under-oath admission.  At this juncture, Pass Christian merely asks this Court to order that the confidential youth-court records be disclosed to the circuit court to engage in a fishing expedition.  While Pass Christian may be able to establish a need for *in camera* review at a later point, it has not yet done so.  The importance of the confidentiality of youth-court records and the statute requiring this confidentiality demand that we strike a stricter standard for disclosure of those records than the majority offers.  For that reason, I would affirm the youth court's order and remand the case for further proceedings without prejudice to Pass Christian's ability to file another petition seeking records that establish what is required under Mississippi Rule of Civil Procedure 26(b)(3).

**KITCHENS, P.J., JOINS THIS OPINION.  COLEMAN AND CHAMBERLIN, JJ., JOIN THIS OPINION IN PART.**

**COLEMAN, JUSTICE, DISSENTING:**

¶30.  The Harrison County Youth Court denied Pass Christian School District's request to release the youth court records pertaining to an alleged assault of a minor by three other minor students.  Because the youth court judge followed the dictates of the applicable statute

---

[3]For example, Pass Christian could ask the three accused minors whether E.C.'s deposition testimony was consistent with her testimony they witnessed at youth court.

12

in refusing to disseminate the records at issue, and, with respect, because the majority does not, I would affirm.

¶31. In her May 24, 2017, order, the youth court judge properly set forth the standard required by statute, writing that "disclosure of records is allowed only where 'the Youth Court concludes, in its discretion, that disclosure is required for the best interests of the child, the public safety or the functioning of the Youth Court' . . . ." Her recitation of the standard directly quotes Mississippi Code Section 43-21-261(1) (Supp. 2018).[4] The youth court judge noted that the three minors, whose best interest was at issue in deciding whether to release the records, were not parties to the underlying action in circuit court involving the Pass Christian school, and she found no valid ground for holding that the release of the record was in the best interest of the minors.

¶32. The majority makes several reasonable and pragmatic arguments in favor of forcing the release of parts of the youth court record. Maj. Op. ¶ 17. However, unlike the youth court, the majority does not follow the Section 43-21-261(1) requirement that disclosure be "required for the best interests of the child, the public safety or the functioning of the youth court."

¶33. I agree with Presiding Justice King that *In re J.E. v. State*, 726 So. 2d 547 (Miss. 1998), does not apply. The holding in *In re J.E.* rested in large part upon the application of the Confrontation Clause of the United States Constitution to a criminal defendant's request for records in order to enable cross-examination of potential witnesses. *In re J.E.*, 726 So.

---

[4]Effective July 1, 2019, the Legislature amended Section 43-21-261, but the amendments do not appear to change the standard.

2d at 549 (¶ 6). The underlying litigation involving the Pass Christian School District is civil in nature; accordingly, the Confrontation Clause and, by extension, *In re J.E.*, do not apply.

¶34. Justice King correctly points out that the relief afforded by the majority, *i.e.*, the partial release of the files, has not been requested. To the extent that his separate opinion makes the point, I join it. However, I, with respect, disagree with Justice King's assertion that the Court needs to create a standard for "when youth-court records should be disclosed in a case such as this . . . ." King Dis. Op. ¶ 24. The standard, as noted above, is supplied by statute.

**CHAMBERLIN, J., JOINS THIS OPINION.**