KING, PRESIDING JUSTICE, DISSENTING:
 

 ¶22. This Court engages in discovery for the Pass Christian School District, inappropriately awarding it a remedy that Pass Christian does not request. Further, the Court preemptively, and without setting a legal standard, orders the youth court to disclose its records to the circuit court to potentially perform an
 
 in camera
 
 review of the youth-court records. Therefore, I respectfully dissent.
 

 ¶23. The Court orders that "[t]he names and addresses of the witnesses who testified in the related youth-court proceedings should be disclosed to Pass Christian." Maj. Op. ¶ 18. Pass Christian did not ask for the names and addresses of the testifying youth-court witnesses, either from the youth court or this Court, nor has any party been availed the opportunity to respond to this.
 
 See
 

 Pitchford v. State
 
 ,
 
 45 So. 3d 216
 
 , 232 (Miss. 2010) ("The trial court cannot be held to err on an issue not presented to it for decision.... A trial court has no duty to
 
 sua sponte
 
 second-guess decisions by ... counsel." (footnote omitted) (citation omitted));
 
 Sanders v. State
 
 ,
 
 678 So. 2d 663
 
 , 669-70 (Miss. 1996) (Issues not raised in the appellant's initial brief are waived. The appellees should not be denied an opportunity to respond to arguments.). This Court has inappropriately created this remedy without a request to do so. Pass Christian has presented no argument that this information is essential to its case, nor any argument that it does not already know the identities of these witnesses. Indeed, it is highly likely that Pass Christian could simply glean this information through discovery requests and/or depositions, because Pass Christian clearly knows the identities of the four minors directly involved in the alleged incident. I believe it is inappropriate for this Court to proactively engage in discovery on behalf of Pass Christian and to order the youth court to give Pass Christian information that Pass Christian did not request and that it could likely obtain through other means.
 

 ¶24. The Court also preemptively orders the youth court to disclose the records to the circuit court for a potential
 
 in camera
 
 review. The Court does not outline any standard for when youth-court records should be disclosed in such a case as this: a civil case in which none of the parties share privity of party with the youth who was the subject of the youth-court case.
 
 [2]
 

 In such a case, this Court must balance the importance of youth-court confidentiality and the strict rules of Mississippi Code Section 43-21-261(1) (Supp. 2018) with a civil defendant's procedural due-process right to present a defense. This Court should set a standard for such a balance. I suggest that this Court follow a balance similar to that found in Mississippi Rule of Civil Procedure 26(b)(3), which details when documents and things prepared in anticipation of litigation are discoverable. Those items are discoverable "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of that party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." M.R.C.P. 26(b)(3). In civil litigation, a party seeking to have the civil court review youth-court records
 
 in camera
 
 for relevance should first show that the party has a substantial need of the review in order to preserve its procedural due-process right to present a defense. It should then show that it cannot obtain these materials or information by other means without substantial hardship.
 

 ¶25. At this juncture, Pass Christian has shown neither need nor that it cannot otherwise obtain this information. According to the record before this Court, Pass Christian has not yet deposed the four minors directly involved. It merely asks that the records be disclosed to the circuit court due to the
 
 potential
 
 that E.C.
 
 may
 
 give inconsistent statements in the
 
 future
 
 . Such speculation does not demonstrate need. Pass Christian should be required to show need through deposition testimony or other discovery, namely, to show that it was highly likely that inconsistent statements were made.
 
 [3]
 
 Moreover, without depositions or other documentation, it is difficult or impossible for Pass Christian to show that it cannot obtain this information elsewhere. For example, in a deposition, E.C. may admit to any suspected inconsistencies. It would be difficult for Pass Christian then to argue that it also needed the confidential youth-court records to further bolster such an under-oath admission. At this juncture, Pass Christian merely asks this Court to order that the confidential youth-court records be disclosed to the circuit court to engage in a fishing expedition. While Pass Christian may be able to establish a need for
 
 in camera
 
 review at a later point, it has not yet done so. The importance of the confidentiality of youth-court records and the statute requiring this confidentiality demand that we strike a stricter standard for disclosure of those records than the majority offers. For that reason, I would affirm the youth court's order and remand the case for further proceedings without prejudice to Pass Christian's ability to file another petition seeking records that establish what is required under Mississippi Rule of Civil Procedure 26(b)(3).
 

 KITCHENS, P.J., JOINS THIS OPINION. COLEMAN AND CHAMBERLIN, JJ., JOIN THIS OPINION IN PART.
 

 The cases relied on by this Court are distinguishable.
 
 Daniels v. Wal-Mart Stores, Inc.
 
 involves privity of party-the very youth-adjudicated delinquent sued Wal-Mart, his victim, for defamation surrounding the same issue for which he was adjudicated delinquent.
 
 Daniels v. Wal-Mart Stores, Inc.
 
 ,
 
 634 So. 2d 88
 
 (Miss. 1993). The holding in
 
 Daniels
 
 is very limited, as well, finding that the court did not err in admitting the youth-court adjudication because the youth subject to the youth-court adjudication placed his character directly at issue in the civil litigation. It also noted that Wal-Mart, as the victim, was already entitled to information about the adjudication, without restriction as to the use of that information.
 
 See
 

 In re R.J.M.B. v. Jackson Cty. Dep't of Human Servs.
 
 ,
 
 133 So. 3d 335
 
 , 341 (Miss. 2013) ("We hold that
 
 Daniels
 
 does not support the proposition that record confidentiality is waived completely whenever a related civil suit is filed. '
 
 Daniels
 
 stands only for the narrow proposition that a juvenile adjudication is admissible on the issue of character where that trait is at issue, such as, for example, in a slander suit.' " (quoting
 
 Sample v. State
 
 ,
 
 643 So. 2d 524
 
 , 528 n.1 (Miss. 1994) )).
 
 In re J.E. v. State
 
 is grounded in the right of
 
 criminal
 
 defendants to receive from the State evidence favorable to the defense and/or evidence material as to guilt or punishment.
 
 In re J.E. v. State
 
 ,
 
 726 So. 2d 547
 
 (Miss. 1998).
 

 For example, Pass Christian could ask the three accused minors whether E.C.'s deposition testimony was consistent with her testimony they witnessed at youth court.