REDMANN, Judge.
The core question in this case is whether confidentiality of juvenile case proceedings, La. C.J.P. 14 E,[1] denies to a plaintiff in a wrongful death action a transcript of the juvenile adjudication hearing which arose out of the wrongful death and to which plaintiff was admitted by authority of C.J.P. 69, 2d paragraph.[2]
We answer that it does not. Because plaintiff was a “person who has a proper interest in the proceedings” within art. 69, he was properly admittable to the adjudication hearing. And, because art. 14 E only makes proceedings confidential “[ejxcept as provided in Article 69 or otherwise provided by law,” the proceedings are not confidential as to plaintiff.
The legislative limit upon admission protects the juvenile from the eyes of. persons whose only interest is curiosity, but not persons whose interests are “proper.” A parent whose child has been killed, accidentally or intentionally, has a proper interest, if anyone does, in observing the adjudication hearing. That parent equally has the right, in a civil action arising out of the death of the child, to impeach a witness’s testimony that conflicts with that witness’s testimony in the juvenile proceeding. One hardly need point out that a civil trial witness, juvenile or not, is solemnly bound to tell the truth, including truth that was shielded from public view in the juvenile case. The shield of confidentiality was not *684 designed and cannot be permitted to fraudulently defeat civil reparation of juvenile wrong. The juvenile could therefore not successfully object to the introduction of his or her prior inconsistent statement, whether in the form of an extract from the transcript of the juvenile court testimony or in the form of testimony by plaintiff who heard the juvenile court testimony. Much less could an adult who testified at the juvenile court proceeding claim any confidentiality under C.J.P. 14 E to defeat introduction of his or her prior inconsistent statement. Plaintiff, who was present at the Family Court’s hearing, represents that the juvenile’s and an adult’s testimonies there conflict with their civil depositions.
We therefore conclude that C.J.P. 14 E does not defeat plaintiff’s demand for access to a transcript of the Juvenile Court hearing.[3]
The juvenile court, however, does not owe plaintiff a free transcript, and the question of its cost is one for that court. Accordingly, other questions aside, any order for a transcript would have to make provision for prior payment of its cost.
Indeed, it is only because the Family Court Judge did not himself assert the question that we have not simply vacated the Civil District Court’s order on the ground that that court has no authority to order the Family Court to produce records, and that the request for a transcript should have been addressed instead to the Family Court as C.J.P. 123 B (added, Acts 1979 No. 504, effective September 7, 1979) now expressly rules.[4] This court is the proper reviewing court from either of those courts, however, and in the interest of judicial economy, we have elected to consider this matter as if the Family Court Judge had himself denied an application to the Family Court for the transcript, and review of that denial had been sought and given improperly in the Civil District Court, and further review had been sought from us.
Finally, we note that this matter comes to us in the form of an appeal, but we accept it as an application for certiorari which we grant.
The ruling appealed from is vacated and it is now by this court
ORDERED that the Honorable Salvador J. Mule, Judge, Orleans Parish Family Court, Section C, afford to Robert Daniels, after Daniels’s payment of its cost, a transcript of the testimony at the adjudication hearing in matter no. 174 — 483.

. Juvenile cases shall be docketed and handled separately from regular criminal and civil cases, and juvenile case records shall be confidential and kept separately. Except as provided in Article 69 or otherwise provided by law, juvenile proceedings shall not be public.
[Compare La.R.S. 13:1586: “information .. . shall be privileged ... and shall not be open to public inspection.... ” See also Thibodeaux v. Judge, Juvenile, Div., 14th Jud. Dist., La.App. 3 Cir.1979, 377 So.2d 508.]

. The court may admit any other person who has a proper interest in the proceedings or the work of the court.

. The plaintiff also requests “exhibits,” but that question is not briefed, and we are not informed of the relevance of those exhibits, if any. That issue can be addressed to the Family Court if its exhibits are needed.

. For good cause, the court may order disclosure of records and reports of the court, probation officers, and law enforcement agencies to any person, agency, institution or other court upon a particular showing that the information is relevant to a specific investigation or proceeding.