State Farm Fire and Casualty Company and Auto-Owners Insurance Company petition for writs of mandamus to the Honorable Jerry B. Baird, Circuit Judge, and to the Honorable Paul S. Conger, Jr., Juvenile Judge, seeking orders to compel the trial courts to permit the petitioners access to and use of certain law enforcement records and testimony of certain investigating officers relating to a fire loss in which the two juvenile respondents were allegedly involved. Petitioners are the plaintiffs in a civil action against the two juvenile defendants and others, requesting a declaration of their rights and obligations in which the children are insureds. The policies exclude coverage for property damage that is caused intentionally by an insured who is over 13 years of age.
This petition presents the issue whether the respondent judges abused their discretion, or erred as a matter of law, in denying the insurers access to and use of law enforcement records and testimony of police *Page 976 
and fire department investigators regarding a fire loss in which the two 17-year-old insureds were adjudicated by the juvenile court as delinquent for the commission of the offense of third-degree arson.
We hold that the judges did err, as a matter of law, in denying the petitioners' request for an inspection relating to the juvenile court proceedings. Accordingly, we instruct the juvenile judge to deliver all requested court records and files to the trial court judge in the civil action, for disposition pursuant to the guidelines set out in this opinion, and to grant the petitioners' request for use at trial in the civil case of the live testimony of the investigating officers, as may be appropriate.
The respondents maintain, and we agree, that access to juvenile court records and law enforcement records concerning a child is controlled by Ala. Code 1975, §§ 12-15-100, -101. Section 12-15-101(b) prescribes five classes of persons or agencies that shall be permitted, without an order of the court, to inspect juvenile court files. Section 12-15-101(b)(3) adds: "Any other person, agency or institution, by order of the court, having a legitimate interest in the case. . . ." Further, the respondents rely heavily on § 12-15-72(b), which provides, in pertinent part, that "[t]he disposition of a child and evidence given in a hearing in the [juvenile] court shall not be admissible as evidence against him in any case or proceeding in any other court. . . ."
Initially, we point out that the petitioners (the insurers) seek only the right to inspect and use for trial purposes law enforcement records independently prepared and maintained by the police and fire department investigators and the investigators' live testimony. The petitioners contend that they, as insurers with contractual rights, have "a legitimate interest in the case" and should be entitled to such relief notwithstanding the provisions of § 12-15-72(b). Conversely, the respondents contend, consistent with the "privacy," "confidentiality," and "protection" goals of the juvenile statutes, that those "having a legitimate interest in the case" include only those persons and agencies with an interest in the rehabilitation and treatment of the child.
Clearly, then, we are faced with two competing public policies: on the one hand, the need to protect the child from public disclosure of juvenile court records and proceedings; and, on the other hand, the right of a liability insurer of a child in a civil action to prosecute its defense of the child's claim through the use of those records and proceedings that are essential and material to its case. We hold, however, that when these two public interests are brought face to face, it is not imperative that either of them should totally succumb to the absolutism of the other.[1]
That the right of "confidentiality" on behalf of the child is a "qualified" and not an "absolute" privilege was addressed by this Court in Ex parte Guerdon Industries, Inc., 373 So.2d 322
(Ala. 1979) (denying the writ where the petitioner was found not to have a legitimate interest, because the child there involved was not a litigant in the civil action). Here, the civil litigants' constitutionally protected rights to a full and fair trial can be preserved without totally eroding the child's concomitant right of privacy. A carefully tailored order of discovery can accommodate one to the other, so that each can yield, to the degree necessary, without unduly compromising the underlying reasons for each of these competing public interests. Indeed, this Court has already recognized exceptions to the application of § 12-15-72(b) in criminal cases where the defendant's constitutional rights under the Sixth Amendment otherwise would be unduly hampered. Ex parte Lynn,477 So.2d 1385 (Ala. 1985); see, also, Alderson v. State, 370 So.2d 1119
(Ala.Crim.App. 1979).
We have been cited to two cases from other jurisdictions that have dealt substantially with the same issue. We quote (and, *Page 977 
to the extent here applicable, we approve) substantial portions of the language from both cases.
 "The legislative limit upon admission protects the juvenile from the eyes of persons whose only interest is curiosity, but not persons whose interests are 'proper.' A parent whose child has been killed, accidentally or intentionally, has a proper interest, if anyone does, in observing the adjudication hearing. That parent equally has the right, in a civil action arising out of the death of the child, to impeach a witness's testimony that conflicts with that witness's testimony in the juvenile proceeding. One hardly need point out that a civil trial witness, juvenile or not, is solemnly bound to tell the truth, including truth that was shielded from public view in the juvenile case. The shield of confidentiality was not designed and cannot be permitted to fraudulently defeat civil reparation of juvenile wrong. The juvenile could therefore not successfully object to the introduction of his or her prior inconsistent statement, whether in the form of an extract from the transcript of the juvenile court testimony or in the form of testimony by plaintiff who heard the juvenile court testimony. Much less could an adult who testified at the juvenile court proceeding claim any confidentiality under C.J.P. 14 E to defeat introduction of his or her prior inconsistent statement. Plaintiff, who was present at the Family Court's hearing, represents that the juvenile's and an adult's testimonies there conflict with their civil depositions."
Daniels v. National Fire Insurance Co. of Hartford,394 So.2d 683, 683-84 (La.Ct.App. 1981), cert. denied, 397 So.2d 806
(La. 1981).
 "Although the [juvenile] statutes [of non-disclosure] might be read as supporting [the juvenile petitioner's] contention, in the interest of fostering the fair and efficient administration of justice we hold that the circuit court has the power to order disclosure of the police records. A procedure is required by which a court which is familiar with both the civil action and the juvenile police records controls disclosure of those records. The circuit court in which the civil action is pending is already knowledgeable regarding the civil suit. When the issues of discovery and admissibility of juvenile police records arise, which may occur at different stages of the proceeding, the circuit court can read the juvenile records in issue and weigh the interests of the parties and the public. While we recognize that the juvenile court would have ready access to the police records, we are concerned that it would not be sufficiently familiar with the civil proceeding. The work of both juvenile and circuit courts might be repeatedly disrupted if the juvenile court were required to rule on disclosure. The circuit court can more efficiently deal with requests for disclosure in the various contexts in which they may be made."
State ex rel. Herget v. Circuit Court for Waukesha County,84 Wis.2d 435, 446, 267 N.W.2d 309, 314-15 (1978).
Therefore, the trial court's order denying all relief with respect to the disclosure of the police and fire departments' records relating to the subject fire and to the conduct of these respondent children is reversed. The trial court is hereby instructed to review in camera all of the requested records and files and to determine whether the information contained therein is essential and not otherwise reasonably available in the petitioners' civil action. If it finds this information to be both essential and not otherwise reasonably available, the trial court shall make it available for inspection and use for trial purposes, as may be appropriate under the rules of evidence. For example, data pertaining to the social background of the children, matters of a mere personal nature, any record of former offenses, and other data pertaining to rehabilitation and treatment shall not be subject to disclosure. After these determinations are made, the trial court shall tailor an order allowing the investigating officers to testify in keeping with the scope of the materials ordered to be disclosed.
We conclude by emphasizing that we express no opinion on the admissibility at trial *Page 978 
of any of the matters sought to be disclosed or on the merits of the insurers' defenses to the insureds' claims. While we appreciate the trial court's dilemma in attempting to reconcile these conflicting public policy considerations, we hold simply that the insurers have a right to inspect police and fire department records pertaining to the subject fire, whether such records are in the custody of these departments or in the custody of the juvenile court; and we instruct the trial judge to allow the insurers to use the information in those records, as well as the investigators' testimony, in the trial of the civil action, where appropriate, under the guidelines herein established.
WRITS GRANTED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, ADAMS, HOUSTON and STEAGALL, JJ., concur.
BEATTY, J., concurs in the result.
[1] Although we have elected to treat the issue here presented in the broad context argued by the parties, we note that § 12-15-72(b) protects orders of "disposition of a child and evidence given in a [juvenile] hearing," and not evidence that is independently available from other sources. to the extent here applicable, we approve) substantial portions of the language from both cases.