The father appeals from an order declaring his child dependent and transferring custody of the child to the Calhoun County Department of Human Resources.
R.G. ("the father") and K.G. ("the mother") are the parents of C.G. ("the son"), who was 16 months old at the time of the trial. The mother has a daughter, A.G., from her first marriage. On July 2, 1997, the Calhoun County Department of Human Resources ("DHR") attempted to contact the mother regarding an allegation that A.G. had been sexually abused. A DHR social worker investigated the complaint. A.G. told the social worker that she had been sexually molested by J.G. J.G. is the father's father; he is also the brother of the mother's stepfather. In early July 1997, DHR removed A.G. from the home.
The record reveals that the father and mother had a violent marriage. Approximately one week after DHR removed A.G. from the home, the mother left the father and moved to her mother's house; C.G. continued to live with the father. Approximately one week after leaving the marital home, the mother reported to a DHR social worker that while he was at work, the father was leaving the son in the care of J.G. The day after the mother made this report, A.G.'s counselor reported to DHR that A.G. had made an allegation of sexual abuse against the father. The social workers at DHR decided to remove the son from the father's home.
The Juvenile Court of Calhoun County conducted a hearing on September 9 and September 26, 1997. On October 9, 1997, the court entered an order finding the son dependent and transferring his custody to DHR.[1] The father appeals.
The father first argues that the trial court erred in admitting some of his records as a juvenile. Section § 12-15-65, Ala. Code 1975, governs the manner in which adjudicatory hearings and dispositional hearings are conducted. The hearing in this case was an adjudicatory hearing. A trial court may admit all "competent, material, and relevant" evidence in an adjudicatory hearing. § 12-15-65(f), Ala. Code 1975. In a dispositional hearing, all material and relevant evidence may be considered by the trial court. § 12-15-65(h), Ala. Code 1975. "Competent evidence" is evidence that is admissible and material and relevant to the fact sought to be proved. 0Hammann v. City of Omaha, 227 Neb. 285, 417 N.W.2d 323
(1987); see also Black's Law Dictionary 284 (6th ed. 1990).
The trial court admitted the records pertaining to the father's psychological treatment as a juvenile. The law enforcement, social, medical, and psychiatric or psychological records of a juvenile who is declared delinquent or dependent are confidential and are open to inspection only under limited circumstances. §§ 12-15-100 and 12-15-101, Ala. Code 1975. Alabama courts have allowed limited access to a juvenile's records where the courts were faced with competing public policy interests. See Ex parte State Farm Fire Cas. Co.,529 So.2d 975 (Ala. 1988); Ex parte Guerdon Industries, Inc.,373 So.2d 322 (Ala. 1979).
In Ex parte State Farm Fire Cas. Co., a defending insurer sought the right to inspect law enforcement records that might indicate that a juvenile had been investigated for arson in the destruction of property insured by the insurer. The Supreme Court of Alabama instructed the trial court to review the requested juvenile law enforcement records, to determine if the information contained therein was essential to the case and not otherwise available to the petitioners, and, if necessary, make the relevant information available for inspection and use for trial purposes. 529 So.2d at 977. Matters of a personal nature, not relevant to the facts surrounding the suspected arson, were not to be disclosed. Id.
In Ex parte Guerdon Industries, Inc., the petitioners sought to review the juvenile records of a minor who was not a party to the litigation. The trial court denied the petition after reviewing the requested records and determining that the information in those *Page 221 
records was not necessary to the petitioners' case. The Supreme Court of Alabama affirmed, holding that the trial court had broad discretion over discovery matters and that the trial court had not abused its discretion.
The facts of this case are distinguishable from those ofEx parte State Farm Fire Cas. Co., supra, and Ex parteGuerdon Industries, Inc., supra. The father's treatment records were not sought as part of a case related to the juvenile offense. Also, the facts of this case do not fall within any of the exceptions enumerated in § 12-15-100(a)(1) through (a)(6), Ala. Code 1975. The father's juvenile treatment records were not admissible and therefore did not constitute "competent" evidence in the adjudicatory hearing relating to his son. The trial court erred in admitting those records and in allowing the extensive testimony regarding the father's juvenile history and records.
DHR argues that, even without the improperly admitted evidence concerning the father's juvenile records, there is sufficient evidence in the record to support the trial court's judgment. After carefully reviewing the record, we agree. Given the other evidence presented at the adjudicatory hearing, we conclude that the trial court's admission of the father's treatment records as a juvenile was harmless error.
The record indicates that the father has a history of domestic violence. The mother testified that the father hit her throughout their marriage "every time he would drink." She sought medical treatment from a local emergency room on one occasion after the father hit her. She testified that the children had witnessed the couple fighting. The father admitted that he hit his wife and also admitted "knocking" her unconscious on one occasion. The father denied hitting the children. A.G. reported to her counselor that she and C.G. had witnessed the father drinking and hitting their mother; she also reported that the father had slapped both her and the son.
Dee Barcliff, a DHR counselor, testified that she met with the father only three times; the father canceled or missed five other appointments. She testified that the father had little basic parenting knowledge; he did not know the name of the son's pediatrician or have any basic first aid knowledge. The father informed her that he would rely on his mother, who lived nearby, for that information. The father's mother testified that he did not know how to change a diaper; if his wife was not at home and the son's diaper required changing, the father would put the son in his automobile, drive from his home to his mother's home, and have his mother change the baby's diaper.
Barcliff also testified that she was concerned about the father's drinking, his immaturity, and his level of hostility. Shortly before the adjudicatory hearing, the father was convicted of driving under the influence of alcohol. Further, the testimony in the record tended to establish that the father became violent when he drank alcohol. Barcliff also testified that she used a "hostility index" to determine how effectively the father dealt with anger. A "normal" score on that evaluation is below 38; the father scored a 62 on the hostility index; thus, Barcliff reported that "hostility was a big issue."
The father argues that the social workers had only "concerns" about his parenting abilities. We note that the social workers had only a limited time with the father to identify areas of concern; he stopped the counseling in which he had agreed to participate, after only three sessions. The social workers did not have an opportunity to resolve their concerns in the father's favor because he discontinued the counseling sessions.
The trial court heard testimony that the father was immature, that he had little basic parenting knowledge, that he had a history of domestic violence and drinking, and that while he was working he left the 16-month-old son in the home of the man accused of abusing the child's stepsister. Matters of dependency and child custody are within the discretion of the trial court. Where ore tenus evidence is presented, the judgment of the trial court based on that evidence is presumed correct and will be reversed only upon a showing that it was plainly and palpably wrong. G.C. v. G.D., 712 So.2d 1091
(Ala.Civ.App. 1997). The trial court must consider the best interests of the *Page 222 
child and "may find dependency based on the totality of the circumstances." J.M. v. State Dep't of Human Resources,686 So.2d 1253, 1255 (Ala.Civ.App. 1996). Given the facts of this case, we cannot say that the trial court erred in determining that it was not in the son's best interests to remain in the custody of his father; we affirm the trial court's finding that the son is dependent.
AFFIRMED.
YATES and MONROE, JJ., concur.
ROBERTSON, P.J., and CRAWLEY, J., concur in the result.
[1] The father concedes that he has no standing to seek custody of A.G., his stepdaughter. Therefore, this appeal concerns only the trial court's findings as to the son.