DONALDSON, Judge.
S.L.M. and R.S.M. appeal the order of the Juvenile Court of Etowah County (“the trial court”) transferring custody of S.D.A. and R.D.A. (“the children”) to their maternal grandmother, S.C. (“the maternal grandmother”). On appeal, S.L.M. and R.S.M. argue that the trial court erred in finding the children to be dependent in their care, that the maternal grandmother failed to present sufficient evidence to meet the standard to justify a change of custody set out in Ex parte McLendon, 455 So.2d 863 (Ala.1984), and that the trial court was without jurisdiction to modify prior orders placing the children in the custody of S.L.M. and R.S.M.
C.G. is the mother of the children. C.G. (“the mother”) gave birth to one other *659 child before giving birth to the children at issue in this matter, and that child is in the custody of the maternal grandmother at her home in Waco, Kentucky. The mother has an extensive history of substance abuse, arrests, homelessness, prostitution, and incarceration. Testimony indicates that the mother tested positive for illegal drugs when she delivered each of her three children. The mother’s former husband and the legally presumptive father of the children as a result of their marriage is deceased, and the whereabouts of the alleged biological father of the children have been unknown throughout these proceedings. S.L.M. and R.S.M. are a married couple, but neither S.L.M. nor R.S.M. are blood relatives of the children. S.L.M. testified that, when she and the mother were young, her mother and the mother’s father briefly dated and that she and the mother have always considered each other “sisters.” S.L.M. assisted the mother occasionally over the years, and when the mother gave birth to S.D.A. in December 2010, S.L.M. agreed to accept custody of S.D.A. under a 90-day safety plan developed by the Etowah County Department of Human Resources (“DHR”). On March 15, 2011, S.L.M. filed a dependency petition as to S.D.A., and the trial court awarded S.L.M. “temporary legal custody” to S.D.A. on May 10, 2011; however, in its May 10 order, the trial court made no findings of fact or determination as to whether S.D.A. was a dependent child, and the order did not provide for any future proceedings regarding a determination of dependency as to S.D.A. or a final disposition of custody of S.D.A.
On October 11, 2011, the mother gave birth to R.D.A. On November 8, 2011, S.L.M. filed a dependency petition seeking temporary custody of R.D.A., and, that same day, the trial court adjudicated R.D.A. to be dependent and proceeded to conduct a dispositional hearing. The trial court awarded S.L.M. and R.S.M. custody of R.D.A., stating that “the case may be set for hearing upon petition of the mother.”
On May 30, 2012, the maternal grandmother filed a “Petition to Intervene and For Custody” in the action relating to each child. The petitions specifically allege that the children are dependent as to the mother and the biological father and acknowledged that the children might be in the temporary custody of S.L.M.; however, the petitions do not specifically allege that the children are dependent while in S.L.M.’s custody. The trial court held a hearing on the petitions and heard testimony ore tenus from all parties. No party objected to the proceedings, which were in the nature of a hearing as to the dependency of the children, not a custody-modification hearing. The trial court entered an order in both actions on August 21, 2012, finding:
“Upon consideration of the pleadings and proof ore tenus, it appears to the Court that the children were placed with [S.L.M. and R.S.M.] through a Safety Plan by the Department of Human Resources. The custody arrangement was made based on the fact that the mother informed DHR that [S.L.M.] was her sister and [S.L.M.] did nothing to refute that information. The mother and [S.L.M.] are not related. Custody was apparently determined based on that misinformation.
“The [maternal grandmother] testified that she had tried, unsuccessfully, to find the location of the children and when that information was finally ascertained, she filed this petition for custody. The mother of the children and [S.L.M.] knew the location of the [maternal] grandmother, but did not attempt to inform her of the circumstances regarding the children.”
*660 The trial court awarded custody of the children to the maternal grandmother, ordering supervised visitation with the mother and encouraging, but not ordering, visitation with S.L.M. and R.S.M. S.L.M. and R.S.M. moved the trial court to alter, amend, or vacate its order and moved for a new trial, and both motions were denied by operation of law. This timely appeal followed.[1]
“ ‘Our standard of review of dependency determinations is well settled.
“ ‘ “A finding of dependency must be supported by clear and convincing evidence. § 12—15—65(f)[, Ala. Code 1975][3]; M.M.S. v. D.W., 735 So.2d 1230, 1233 (Ala.Civ.App.1999). However, matters of dependency are within the sound discretion of the trial court, and a trial court’s ruling on a dependency action in which evidence is presented ore ten-us will not be reversed absent a showing that the ruling was plainly and palpably wrong. R.G. v. Calhoun County Dep’t of Human Res., 716 So.2d 219 (Ala.Civ.App.1998); G.C. v. G.D., 712 So.2d 1091 (Ala. Civ.App.1997); and J.M. v. State Dep’t of Human Res., 686 So.2d 1253 (Ala.Civ.App.1996).”
“ ‘J.S.M. v. P.J., 902 So.2d 89, 95 (Ala. Civ.App.2004)....’
[[Image here]]
"3 The requirement that a finding of dependency must be supported by clear and convincing evidence before the dispositional phase of a dependency proceeding is now codified at § 12-15-311(a), Ala.Code 1975.”
J.L. v. W.E., 64 So.3d 631, 634 (Ala.Civ. App.2010) (quoting L.A.C. v. T.S.C., 8 So.3d 322, 326-27 (Ala.Civ.App.2008)).
“ ‘[T]he evidence necessary for appellate affirmance of a judgment based on a factual finding in the context of a case in which the ultimate standard for a factual decision by the trial court is clear and convincing evidence is evidence that a fact-finder reasonably could find to clearly and convincingly [as clear and convincing is defined by § 25-5-81(c) ] establish the fact sought to be proved.’
“KGS Steel[,lnc. v. McInish], 47 So.3d [749,] 761 [ (Ala.Civ.App.2006) ].
“... ‘[T]he judge must view the evidence presented through the prism of the substantive evidentiary burden’; thus, the appellate court must also look through a prism to determine whether there was substantial evidence before the trial court to support a factual finding, based upon the trial court’s weighing of the evidence, that would ‘produce in the mind [of the trial court] a firm conviction as to each element of the claim and a high probability as to the correctness of the conclusion.’ § 25-5-81(c).
“In reviewing a decision of the trial court, an appellate court is not permit *661 ted to reweigh the evidence, because weighing the evidence is solely a function of the trier of fact. However, it is the function of the appellate court to ascertain that the trial court’s findings of fact are supported by substantial evidence with due regard to, and respect for, the appropriate level of evidentiary proof required, which in this case is clear and convincing.”
Ex parte McInish, 47 So.3d 767, 778 (Ala. 2008).[2] See also § 12-15-310(b), Ala.Code 1975 (“If the juvenile court finds that the allegations in the petition have not been proven by clear and convincing evidence, the juvenile court shall dismiss the petition.”).
On appeal, S.L.M. and R.S.M. first argue that they are fit and proper legal custodians as to both children, and therefore, they assert, the children are not dependent children as defined in § 12-15-102(8), Ala.Code 1975.[3] Specifically, S.L.M. and R.S.M. argue that the maternal grandmother must show that the children are dependent while in their custody, rather than as a result of the existing finding of dependency as to the mother, to warrant a change of custody. S.L.M. and R.S.M. next argue that the maternal grandmother failed to present sufficient evidence to meet the McLendon standard to warrant a change of custody. Specifically, S.L.M. and R.S.M. argue that the May 2011 and November 2011 orders as to S.D.A. and R.D.A., respectively, were final orders, as opposed to pendente lite orders, and that, therefore, the maternal grandmother must meet the McLendon standard in order to justify a change in custody. Third, S.L.M. and R.S.M. argue that the sufficiency of the prior custody orders was not properly before the trial court and that, therefore, the trial court was without authority to modify the prior orders absent *662 evidence warranting a change of custody. Specifically, S.L.M. and R.S.M. argue that the prior custody orders could properly be attacked only by a motion under Rule 60(b), Ala. R. Civ. P., and that, because the. maternal grandmother was not a party to the actions at the time the prior custody orders were entered, she lacked standing to bring such a motion.
As a threshold matter, we first note that none of the parties address the issue whether the children are dependent as to the mother or the alleged biological father. Further, although S.L.M. and R.S.M. argue that the maternal grandmother bore the burden at trial of proving that the children were dependent while in their custody, S.L.M. and R.S.M. made no objection at trial to the matter proceeding as either a dependency action or any other form of action.
In the original “custody order” entered in S.D.A.’s case on May 10, 2011, the trial court did not explicitly make a finding of dependency, despite the fact that the case originated from a dependency petition, but, nevertheless, it awarded “temporary legal care, custody, and control” of S.D.A. to S.L.M. Although the trial court’s May 2011 “custody order” did not explicitly contain a finding of dependency as to S.D.A., such a finding was implicit based on the nature of the proceedings:
“‘[T]his court has held that when the evidence in the record supports a finding of dependency and when the trial court has made a disposition consistent with a finding of dependency, in the interest of judicial economy this court may hold that a finding of dependency is implicit in the trial court’s judgment.’ J.P. v. S.S., 989 So.2d 591, 598 (Ala.Civ.App. 2008).”
M.W.H. v. R.W., 100 So.3d 603, 607 (Ala. Civ.App.2012).
The trial court’s August 2012 order finding that “the children were placed with [S.L.M. and R.S.M.] through a Safety Plan by the Department of Human Resources” is not accurate based on the supplemented record. The record does not indicate that S.D.A. has previously been explicitly adjudicated to be dependent, and the trial court’s May 2011 temporary-custody order gave custody to S.L.M. only, failing to mention R.S.M. R.D.A. has previously been explicitly adjudicated dependent by the November 2011 order, and her custody was transferred to S.L.M. and R.S.M. The transcript from the hearing on the maternal grandmother’s petitions raises questions as to whether the trial court had the records of the prior proceedings before it at the time of the hearing below or when it entered the August 2012 order, as evidenced by a telephone call made from the bench during the hearing inquiring after those records. Also, the trial court’s finding that “the mother informed DHR that [S.L.M.] was her sister and [S.L.M.] did nothing to refute that information” is contradicted by the April 22, 2011, DHR court report contained in the supplemented record. In the “Summary/Recommendations” section of that court report, DHR notes that “[the mother’s] oldest daughter is in the custody of her mother, [the maternal grandmother,] and her second child [S.D.A. is] in a safety plan with her ex-step sister, [S.L.M.].” Thus, the DHR report in the supplemented record shows that DHR was aware that the mother and S.L.M. are not sisters and that DHR was aware of the existence of the maternal grandmother and knew that she had custody of the mother’s oldest child. The record does not reflect any efforts by DHR to contact the maternal grandmother or to consider her or any other relative as a custodian of the children, presumably due to the desire of the mother to have S.L.M. designated as the children’s custodian.
The trial court’s August 2012 order does not indicate what standard it applied in awarding custody to the maternal grand *663 mother. Specifically, the trial court’s order does not make the findings required by Rule 25(A), Ala. R. Juv. P., which provides,. in pertinent part:
“If the allegations of the juvenile petition are denied, the juvenile court shall direct that testimony of witnesses be taken. A dependency hearing shall be conducted consistent with legal and due-process requirements and shall proceed generally in a manner similar to the trial of a civil action before the court sitting without a jury.... At the close of the hearing, the juvenile court shall make one of the following findings in writing:
“(1) That the facts alleged in the juvenile petition are true and the child is dependent, in need of supervision, or delinquent; or
“(2) That the facts alleged in the petition are not proved or that the child is not in need of care or rehabilitation or supervision, in which event the juvenile petition shall be dismissed.”
As a threshold matter, the trial court’s August 2012 order does not make the required finding as to whether the children were dependent as of the time of the hearing rather than when the trial court made its initial determinations in the actions into which the maternal grandmother petitioned to intervene, and, moreover, the order fails to identify the specific grounds to support a finding of dependency pursuant to § 12-15-102(8).
 Because there had been an explicit prior determination that R.D.A. was dependent and an implicit determination of dependency as to S.D.A., the trial court was required to determine, by clear and convincing evidence, whether, as of the time of the hearing, the children were dependent while in the custody of their respective custodians — i.e., S.L.M. for S.D.A. and S.L.M. and R.S.M. for R.D.A. A finding of dependency must be made separately as to each child before the trial court may determine whether the maternal grandmother should have custody. The trial court’s August 2012 order is not sufficient to infer that such determinations of dependency have been made. Therefore, we remand this cause to the trial court for it to make, based on the existing record, the written findings required by Rule 25(A), Ala. R. Juv. P., as to whether each child is dependent as to her custodian or custodians and, if so, identifying the grounds supporting the findings of dependency. If the trial court finds that the child was not dependent as to her custodian or custodians, the petition should be dismissed as to that child. The trial court shall make due return to this court within 42 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J), and PITTMAN, J., concur in the result, without writings.
THOMAS, J., dissents, with writing, which MOORE, J., joins.

. During the pendency of this appeal, S.L.M. and R.S.M. moved the trial court to supplement the record on appeal, primarily seeking to include the petitions previously filed and the orders previously entered in the underlying actions below. The maternal grandmother opposed that motion in the trial court, but the trial court granted the motion. The maternal grandmother has moved to strike the supplemental materials. However, the maternal grandmother's brief cites to the supplemented record on multiple occasions, without any indication that she objected to the inclusion of the supplemental materials. Further, if the supplemented record were not before us, this court would have acted on its own initiative to supplement the record because the supplemental materials are clearly relevant to the matters at issue. See Rule 10(f), Ala. R.App. P. ("The appellate court may, on the motion of a party or on its own initiative, order that a supplemental or corrected record be certified and transmitted to the appellate court if necessary to correct an omission or misstatement....”). The prior petitions and the prior orders of the trial court are directly at issue in this matter and are properly before us.

. Ex parte McInish was a workers' compensation case. The statute defining "clear and convincing evidence” referred to in Ex parte Mclnish — § 25-5-81(c), Ala.Code 1975 — is part of the Workers’ Compensation Act. The statute defining "clear and convincing evidence” that is generally cited outside the workers' compensation context — § 6 — 11— 20(b)(4), Ala.Code 1975 — is substantially identical to § 25-5-81(c).

. Section 12-15-102(8), Ala.Code 1975, provides:
"Dependent child, a. A child who has been adjudicated dependent by a juvenile court and is in need of care or supervision and meets any of the following circumstances:
"1. Whose parent, legal guardian, legal custodian, or other custodian subjects the child or any other child in the household to abuse, as defined in subdivision (2) of Section 12-15-301 or neglect as defined in subdivision (4) of Section 12-15-301, or allows the child to be so subjected.
"2. Who is without a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child.
“3. Whose parent, legal guardian, legal custodian, or other custodian neglects or refuses, when able to do so or when the service is offered without charge, to provide or allow medical, surgical, or other care necessary for the health or well-being of the child.
"4. Whose parent, legal guardian, legal custodian, or other custodian fails, refuses, or neglects to send the child to school in accordance with the terms of the compulsory school attendance laws of this state.
"5. Whose parent, legal guardian, legal custodian, or other custodian has abandoned the child, as defined in subdivision (1) of Section 12-15-301.
"6. Whose parent, legal guardian, legal custodian, or other custodian is unable or unwilling to discharge his or her responsibilities to and for the child.
"7. Who has been placed for care or adoption in violation of the law.
"8. Who, for any other cause, is in need of the care and protection of the state.
"b. The commission of one or more status offenses as defined in subdivision (4) of Section 12-15-201 is not a sufficient basis for an adjudication of dependency.”