ISHEE, JUSTICE, FOR THE COURT:
 

 ¶1. E.C.
 
 [1]
 
 alleged she was sexually assaulted on the premises of Pass Christian High School. The Harrison County Youth Court adjudicated the alleged perpetrators not delinquent. Later, Roy and Kimberly Cuevas, individually, and on behalf of their minor daughter, E.C., filed a negligence action in the Harrison County Circuit Court, seeking damages from the Pass Christian School District associated with the alleged assault.
 

 ¶2. Pass Christian unsuccessfully sought the records from the youth-court action to use in its defense in the civil case. It argues on appeal that the youth-court judge abused her discretion in denying its requests for disclosure of the youth-court records and trial transcripts relating to the three minor perpetrators. It also argues it would be denied due process and fairness if the sworn testimony of E.C. were not released due to the confidentiality rules protecting the subjects of youth-court actions.
 

 ¶3. We reverse and remand for the circuit court to conduct an in camera review of the youth-court record to determine whether any of it should be disclosed.
 

 FACTS
 

 ¶4. E.C. alleged she was sexually assaulted on the campus of Pass Christian High School. She said attended a practice for an end-of-the-year program on April 20, 2015, in the gymnasium. After the practice concluded, the supervising teacher left the premises, leaving E.C. unsupervised. E.C. claims that, after the teacher left, M.G. sexually assaulted her while G.J. and N.B. aided. Five days later, police asked the principal of Pass Christian High School if the school had surveillance footage. Pass Christian did not possess any surveillance footage that could confirm or deny the alleged assault, because the footage was taped over every seventy-two hours.
 

 ¶5. A trial was conducted in the youth court, and the three alleged offenders were adjudicated not delinquent. Plaintiffs then filed suit against Pass Christian in circuit court for negligence.
 

 ¶6. Pass Christian first attempted to obtain the three youth-court files by issuing a subpoena duces tecum from the circuit court on October 20, 2016. In response, the youth court filed a motion for a protective order on October 31, 2016. A hearing was held before the circuit court on November 30, 2016. The circuit court granted the youth court a protective order, ruling that the disclosure of the record and transcript was within the discretion of the youth court.
 

 ¶7. Pass Christian then tried to gain access to the youth-court records by filing three separate petitions for the records in the youth court. The Plaintiffs filed a response objecting to the release of the youth-court records on April 4, 2017. A hearing was held before the youth court, and on May 24, 2017, the youth court entered an order denying Pass Christian's request for the records
 

 ¶8. On June 23, 2017, Pass Christian filed two notices of appeal, one to the circuit court and one to this Court, along with a statement of the issues and designation of the record. Pass Christian sought disclosure of the youth-court records and trial transcript. The appeal to the circuit court was voluntarily dismissed on July 11, 2017. On August 29, 2017, the youth court entered an order excluding the youth-court record and transcript from the appellate record.
 

 ¶9. On September 12, 2017, Pass Christian again sought access to the youth-court record and trial transcript by filing a "Certificate of Examination and Proposed Corrections to the Record on Appeal" in the youth court. Plaintiffs filed their "Certificate of Examination and Opposition to Proposed Corrections of Appellant" in the youth court on September 25, 2017. The attorney for M.G. filed a response opposing Pass Christian's Certificate of Examination and Proposed Corrections to the Record on Appeal on September 27, 2017. Pass Christian then filed a motion to correct the record on appeal in the youth court on October 10, 2017. The Plaintiffs filed a response opposing the motion on October 23, 2017. The youth court entered an order on March 19, 2018, that denied access to the youth-court records and trial transcript.
 

 ¶10. Once again, Pass Christian tried to gain access to the youth-court records and trial transcript by filing a motion to correct the record on appeal in this Court on April 4, 2018. Plaintiffs and the youth court filed responses opposing the motion on April 17, 2018. This Court entered an order denying Pass Christian's motion on August 2, 2018.
 

 ISSUES
 

 ¶11. Pass Christian presents two issues on appeal: (1) whether denying the petitions for youth-court records was an abuse of discretion and (2) whether keeping the youth-court records and trial transcript confidential would deny it due process and fairness. These issues overlap and will be discussed together.
 

 DISCUSSION
 

 ¶12. Disclosure of youth-court records is subject to the discretion of the youth-court judge. Miss. Code. Ann. § 43-21-261(1) ;
 
 see also
 

 State v. U.G.
 
 ,
 
 726 So. 2d 151
 
 , 154 (Miss. 1998). Section 43-21-261 of the Mississippi Code governs disclosure of youth-court records and states that
 

 records involving children shall not be disclosed, other than to necessary staff of the youth court or a Court-Appointed Special Advocate (CASA) volunteer that may be assigned in an abuse and neglect case, except pursuant to an order of the youth court specifying the person or persons to whom the records may be disclosed, the extent of the records
 which may be disclosed and the purpose of the disclosure. Such court orders for disclosure shall be limited to those instances in which the youth court concludes, in its discretion, that disclosure is required for the best interests of the child, the public safety or the function of the youth court.
 

 Miss. Code Ann. § 43-21-261
 
 (1) (Supp. 2018). If disclosure is deemed proper, the records are to go only to:
 

 (a) The judge of another youth court or member of another youth court staff;
 

 (b) The court of the parties in a child custody or adoption cause in another court;
 

 (c) A judge of any other court or members of another court staff;
 

 (d) Representatives of a public or private agency providing supervision or having custody of the child under order of the youth court;
 

 (e) Any person engaged in a bona fide research purpose, provided that no information identifying the subject of the records shall be made available to the researcher unless it is absolutely essential to the research purpose and the judge gives prior written approval, and the child, through his or her representative, gives permission to release the information;
 

 (f) The Mississippi Department of Employment Security, or its duly authorized representatives, for the purpose of a child's enrollment into the Job Corps Training Program as authorized by Title IV of the Comprehensive Employment Training Act of 1973 ( 29 USCS Section 923 et seq. ). However, no records, reports, investigations or information derived therefrom pertaining to child abuse or neglect shall be disclosed;
 

 (g) To any person pursuant to a finding by a judge of the youth court of compelling circumstances affecting the health, safety or well-being of a child and that such disclosure is in the best interests of the child or an adult who was formerly the subject of a youth court delinquency proceeding.
 

 Id.
 

 Pass Christian does not fit into any of those specified categories.
 

 ¶13. In
 
 In re J.E. v. State
 
 ,
 
 726 So. 2d 547
 
 , 549 (Miss. 1998), a criminal defendant sought disclosure of the youth-court records of a minor who had accused him of sexual battery in order to prepare his defense. We found that, in the interest of confidentiality, the defendant had no right to full disclosure or inspection of the records.
 

 Id.
 

 at 553
 
 . For the same reasons, disclosure of the youth-court record and trial transcripts directly to Pass Christian is inappropriate.
 

 ¶14. But Pass Christian also requested that the youth-court record and trial transcript be disclosed to the circuit court for an in camera review to determine relevance and admissibility. In
 
 In re J.E.
 
 , this Court went on to hold that although the defendant did not have the right to full disclosure or inspection of the records, he did have the right to have the records disclosed to the circuit court for an in camera review to determine if any information material to the pending case was in the records.
 
 In re J.E.
 
 , 726 So. 2d at 552-53. That is what should be done here.
 

 ¶15. Pass Christian is seeking the youth-court record and the transcript of witness testimony because it believes that conflicting testimony may be in the record and transcript that could aid in its defense. Concerning conflicting testimony, this Court has held,
 

 The credibility of [the alleged victim's] recanting testimony is the tightrope upon which [the defendant's] conviction stands or falls. The reasoning and authorities establish that the youth court
 would abuse its discretion if it did not authorize disclosure here.
 

 Yarborough v. State
 
 ,
 
 514 So. 2d 1215
 
 , 1219 (Miss. 1987). In analyzing the holding in
 
 Yarborough
 
 , this Court has said, "The implication of this statement is that this Court, at the very least, contemplated the notion that a youth court ought to disclose youth court records when such can provide the basis for the impeachment of a witness ...."
 
 J.E.
 
 ,
 
 726 So. 2d at 551
 
 .
 

 ¶16. This Court recognizes the statutory authority granted to the youth court to use its discretion in deciding matters of disclosure. Confidentiality of youth-court proceedings is crucial, but "[t]he right of 'confidentiality' on behalf of the child is a 'qualified' and not an 'absolute' privilege."
 
 Daniels by Glass v. Wal-Mart Stores, Inc.
 
 ,
 
 634 So. 2d 88
 
 , 93 (Miss. 1993) (citing
 
 Ex Parte State Farm Fire & Cas. Co.
 
 ,
 
 529 So. 2d 975
 
 , 977 (Ala. 1988) ). The youth court should cooperate with the circuit court in order to achieve judicial economy and efficiency all the while maintaining confidentiality, which are tenets of all of our courts.
 

 ¶17. As in
 
 J.E.
 
 , two very important interests intersect in this case: the Plaintiffs' interest in the confidentiality of youth-court records and Pass Christian's interest in receiving a fair trial. "[T]he right to impeach or attack a witness' credibility is secured both by the Mississippi Rules of Evidence and the confrontation clauses of the state and federal constitutions."
 
 J.E.
 
 , 726 So. 2d at 550 (quoting
 
 Brown v. State
 
 ,
 
 690 So. 2d 276
 
 , 292 (Miss. 1996) ). As the
 
 Daniels
 
 Court held, the search for truth requires a total view of the evidence.
 
 Daniels
 
 ,
 
 634 So. 2d at 93
 
 . Allowing disclosure of information deemed relevant to Pass Christian's defense through an in camera review balances these two interests. "[T]he State's interest in the confidentiality of such records is protected, our statutory scheme is satisfied, our youth courts function within constitutional parameters, and our rules of discovery are honored, while allowing [Pass Christian] limited access to information which might prove vital to [its] defense."
 
 J.E.
 
 , 726 So. 2d at 553.
 

 ¶18. The names and addresses of the witnesses who testified in the related youth-court proceedings should be disclosed to Pass Christian. If Pass Christian believes there is conflicting testimony, it may ask the circuit court to perform an in camera review. Then, if the circuit court determines there is information relevant to Pass Christian's defense, the relevant information should be disclosed to Pass Christian.
 

 ¶19. Finally, all information disclosed shall be "limited for the purposes of the related civil litigation."
 
 In re R.J.M.B. v. Jackson Cty. Dep't of Human Servs.
 
 ,
 
 133 So. 3d 335
 
 , 341 (Miss. 2013) (citing
 
 Daniels
 
 ,
 
 634 So. 2d at
 
 91 ).
 

 CONCLUSION
 

 ¶20. In summary, the names and addresses of all witnesses who testified in the youth-court proceeding should be made available to Pass Christian. Pass Christian can then depose those persons. If Pass Christian believes any of the deponents testified contrary to their testimony in the youth-court proceedings, it may ask the circuit judge to do an in camera review of the deponent's earlier testimony. If the circuit judge finds contrary testimony, Pass Christian may obtain the conflicting testimony to use in its defense. All information disclosed shall be used only for purposes of the pending civil litigation.
 

 ¶21.
 
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 

 RANDOLPH, C.J., MAXWELL, BEAM AND GRIFFIS, JJ., CONCUR. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, P.J.; COLEMAN AND CHAMBERLIN, JJ., JOIN IN PART. COLEMAN, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY CHAMBERLIN, J.
 

 Initials are used to protect the confidentiality of the minors.